Snyder          The court are advised to proceed to judgment.
v.
Farmers' Ins.
& Loan Co.

_____

### SNYDER vs. THE FARMERS' INSURANCE & LOAN COMPANY.

Where a party, on applying for insurance of merchandise, presented a *sur-
vey*, stating that the building in which the goods were, was divided by
a *stone partition, running lengthwise through the building to the roof*, one
part of which building was occupied by him, and an insurance was ac-
cordingly effected, it being stated in the policy that it was effected on
merchandise in the building occupied by the applicant and others, *more
particularly described in the application and survey furnised by himself,
filed No. 928, in the office of the insurance company;* and it appearing in
an action on the policy that the *stone partition did not extend to the roof*,
and that the side walls of the building rose *five feet* above the stone par-
tition, *it was held*, that the survey, notwithstanding the reference to it
in the policy, was a *representation* merely, and not a *warranty*, and that
the plaintiff was entitled to recover, notwithstanding the *variance* be-
tween the survey and the proof adduced on the trial.
*It seems* that a separate paper may, by *express stipulation*, be made part
of a policy; but that a reference, like that in the present case, to a sep-
arate paper, is not enough to authorize a court to treat it as part of the
policy, and to give to it the effect of a *warranty*.

THIS was an action on a *policy of insurance* against fire,
tried at the Ulster circuit in October, 1832, before the Hon.
CHARLES H. RUGGLES, one of the circuit judges.

The plaintiff was insured $4000 on his stock of merchan-
dise contained " in the stone building with shingle roof, occu-
pied by himself and others, situated at, &c. *more particular-
ly described in application and survey furnished by himself,
filed No. 928, in this office,"* i. e. the office of the defendants.
The property was insured for one year, and within the term
the building mentioned in the policy, with its contents of mer-
chandise was burnt and destroyed by fire. The defendants, up-
on the call of the plaintiff, and pursuant to notice for that pur-
pose, produced the *application and survey* No. 928, mentioned
in the policy; it was in these words: " Survey of a building
at Bolton, &c. 56 by 35 feet, built of stone, shingled roof, one
story high, garret over the whole, thick *stone partition running*

*lengthwise through the building to the roof;* one part occu-
pied by Alexander Snyder, the other part by Charles M'Inty as
a store room." It was proved on the part of the defendants
that the gable ends of the building were of stone, that the
roof was on the building lengthwise, coming down to the
side walls, which rose about 5 feet above the chamber floor,
and on them the eves of the roof rested. There was a sone par-
tition lengthwise through the store, dividing it into two apart-
ments, one of 18, and the other of 16 feet, one of which was
occupied by Snyder; this partition did not extend higher than
the chamber floor, and on the partition the beams of the cham-
ber floor rested, and there was no partition in the garret. The
judge charged the jury that the *survey* was not a part of the
policy so as to become a warranty; that the misdescription of
the building in regard to the partition wall was not in itself a
bar to the action; that it would be for the jury to determine
whether there was any fraudulent misrepresentation or con-
cealment in respect to the survey, or whether the risk or haz-
ard was increased by the facts or circumstances in regard to
which the building was misdescribed, and that if they should
find either of those points in the affirmative, the verdict should
be for the defendants, otherwise for the plaintiff. The jury
found for the plaintiff, and assessed his damages at $3452.
The defendants, having excepted to the charge of the judge,
moved for a new trial.

*J. Tallmadge*, for the defendants.

*N. Sickles & S. Sherwood*, for the plaintiff.

*By the Court*, Savage, Ch. J. The only question in this
case is, whether the *survey* furnished by the plaintiff is to have
the effect of a *warranty*, or of a *representation*. This question
must be considered as settled on authority in this court. It
arose and was decided in *The Jefferson Ins. Co. v. Cotheal*, 7
*Wendell*, 72. That was an action upon a policy for $5000, on a
steam saw-mill, built of wood, situate on the river Nantikoke,
near Vienna, in the state of Maryland, *as described in report No.*
193. In the application for insurance, it was described as 130

feet long by 30 broad. It was in fact 132 feet long ; part of it was 30 feet broad, but about 40 feet of it was 40 feet broad. The boiler and furnace were placed on the outside of the building and covered, being about 30 feet in length, 10 high and 10 wide. It was insisted that the representation made by the plaintiffs was a warranty. The chief justice of the superior court of the city of New York, before whom the cause was tried, decided that it was not a warranty, but a representation, and that the variance did not defeat the policy, unless in consequence of the variance the premises were insured at a less premium than they would have been if they had been truly described. The cause came into this court by writ of error, and the opinion of the court was given by Mr. Justice *Sutherland,* who examined the cases on the point, and came to the conclusion that a warranty is never to be created by construction—must appear on the face of the policy; that there may be unequivocal evidence of a stipulation, the non-compliance with which is to have the effect of avoiding the contract. The only exception to the generality of this proposition is, that the proposals and conditions attached to the policy form part of the contract. In the case of *Dow* v. *Whetton* 8 *Wendell,* 166, the chancellor says, the policy itself is the only legal evidence of the agreement between the parties. Vice Chancellor *M'Coun* has also clearly stated the difference between a warranty and a representation. The former is the affirmation of a fact asserted in the policy, and forming a condition which must be strictly complied with ; the latter the statement of some collateral circumstances not embodied in the policy, though made before the contract was completed. 1 *Edwards,* 74. This subject has been much considered in the superior court of the city of New York. 2 *Hall,* 608, 627, 8. Chief Justice *Jones* says, it is a general rule that a representation, to have the effect of a warranty, must be contained in the deed or policy itself. And Mr. Justice *Oakley* says, " In determining what shall constitute a warranty, and what shall be a representation merely, the general principle seems to be well settled that an express warranty must appear on the face of the policy, and that any instructions for insurance, unless inserted in the instrument itself, do not amount to a war-

ranty." Again : " the insurers, having a description of the property in their possession, are presumed to insert in the policy itself as much of that description as they deem material ; and by omitting any part of it, they show that they are content to take such part as a *representation merely*, and to look to it only for estimating the risk." These cases have been referred to with approbation by Chancellor Kent, 3 *Kent's Comm.* 373, and are believed to be in unison with the English cases found in *Cowper*, 785, *Dougl.* 12, *n.*, and 1 *Condy's Marshall*, 451. It is not necessary to deny that a separate paper may by *express stipulation* be made part of the policy ; but there is no such reference in the present policy as to authorize the court to give the survey the force of a warranty ; indeed, from the manner of referring to it, it would seem that the defendants were satisfied to look to it only for the purpose of estimating the risk. It is not pretended that the judge did not present the question of fraud fairly before the jury. The only question which we decide now is, that the survey referred to in the policy must be considered a *representation* merely, and not a *warranty*.

New trial denied.