By the Court, Bronson, J.
In the law of insurance a representation is not a part of the contract, but is collateral to it. An express warranty is always part of the contract, and a reference in the policy to a survey or other paper will not make such paper a part of the contract, so as to change what would otherwise be a mere representation into a warranty. (Jefferson Ins. Co. v. Cotheal, 7 Wend. 72; Snyder v. Farmers' Ins. Co., 13 Wend. 92, and S. C. in error, 16 Wend. 481: Delonguemare v. Tradesmen's Ins. Co. 2 Hall, 589; 1 Marsh. Ins. (Concdy,) 346—350, 451; 1 Phil. Ins. 346, 7, ed. of ’40.) (a) But these cases admit, what no one could well deny, that the policy may so speak of another writing as to make it a part of the contract, although not actually embodied in the policy. And to that effect, see Routedge v. Burrell, (1 H. Black. 254;) Worsley v. Wood, (6 T. R. 710;) Roberts v. Chenango Ins. Co. (3 Hill, 501.) Now here, the policy not only refers to the plaintiff’s written application “ for a more particular description” of the property insured, but it refers to it “as forming a part *191 of this policy.” The application was thus, by express words, made part and parcel of the contract, and the two instruments must be read in the same maimer as though they had been actually moulded into one.
How then stands the question of warranty ? The plaintiff was required by the “conditions of insurance,” and by the form of application with which he was furnished, to state the “relative situation [of the store] as to other buildings—distance from each, if less than ten rods.” To this he answered by mentioning five buildings as standing within the ten rods. Although he did not in terms say there was no other building within the ten rods, he must have intended that his answer should be received and understood by the company as affirming that fact; and as the answer is to be regarded as parcel of the contract, I find it difficult to resist the conclusion that the plaintiff has agreed that there were no other buildings within the ten rods than those mentioned in the application. Men are not at liberty to put a different construction upon their language when the contract is to be enforced, from that in which they intended the words should be received by the other party at the time the contract was made.(b) I am strongly inclined to the opinion that there was a warranty; but there is another feature in the case which renders it unnecessary to settle that question.
In marine insurance the misrepresentation or concealment by the assured of a fact material to the risk will avoid the policy, although no fraud was intended. It is no answer for the assured to say that the error or suppression was the result of mistake, accident, forgetfulness or inadvertence, It is enough that the insurer has been misled, and has thus been induced to enter into a contract which, upon correct and full information, he would either have declined, or would have made upon different terms. Although no fraud was intended by the assured, it is nevertheless a fraud upon the underwriter, and avoids the pol *192 icy. (Bridges v. Hunter, 1 Maule Selw. 15; Macdowall v. Fraser, Doug. 260; Fitzherbert v. Mather, 1 T. R. 12 ; Carter v. Boehm, 3 Burr. 1905; Bufe v. Turner, 6 Taunt. 338; Curry v. Commonwealth Ins. Co., 10 Pick. 535; N. Y. Bowery Ins. Co. v. N. Y. Fire Ins. Co., 17 Wend. 359; 1 Marsh. Ins. (Condy) 451—453, 465; 1 Phil. Ins. 214, 303.) The assured is bound, although no inquiry be made, to disclose every fact within his knowledge which is material to the risk. But this doctrine cannot be applicable, at least not in its full extent, to policies against fire. If a man is content to insure my house without taking the trouble to inquire of what materials it is constructed, how it is situated in reference to other buildings, or to what uses it is applied, he has no ground for complaint that the hazard proves to be greater than he had anticipated, unless I am chargeable with some misrepresentation concerning the nature or extent of the risk. It is therefore the practice of companies which insure against fire to make inquiries of the assured, in some form, concerning all such matters as are deemed material to the risk, or which may affect the amount of premium to be paid. This is sometimes done by the conditions of insurance annexed to the policy, and sometimes by requiring the applicant to state particular facts in a written application for insurance. When thus called upon to speak, he is bound to make a true and full representation concerning all the matters brought to his notice, and any concealment will have the like effect as in the case of a marine risk. (See 1 Phil. Ins. 284, 285, cd. of 1840.) It is not necessary for the purpose of avoiding the policy, to show that any fraud was intended. It is enough that information material to the risk was required and withheld.
This doctrine is fatal to the present action. The plaintiff was plainly and directly called upon to state the relative situation of the store as to all other buildings within the distance of ten rods; and he omitted to mention several buildings which stood within that distance, and among the number was one which was far more hazardous than that to which the policy applied. If there could be any doubt that the facts concealed *193 were material to the risk, the question should have been left to the jury.(c)
But there is a further view of the case which is still more de cisive against the action; and it is one in which the materiality of the concealment is not open for discussion. The plaintiff was required by the conditions annexed to the policy, and by the printed form of application which he used, to give the information which he withheld. And it was one of the “ conditions of insurance” that if he should “ make any misrepresentation or concealment in the application” the policy should be “ void, and of no effect.” Nothing is said about fraud; but any concealment in the application avoids the policy. And yet the jury was instructed that there must be a fraudulent concealment of facts. That position cannot be maintained without making a new contract for the parties.
A warranty by the assured in rélation to the existence of a particular fact must be strictly true, or the policy will not take effect; and this is so whether the thing warranted be material to the risk or not. It would, perhaps, be more proper to say, that the parties have agreed on the materiality of the thing warranted, and that the agreement precludes all inquiry on the subject. (See the cases already cited, and Fowler v. Ætna Ins. Co., 6 Cowen, 673, and 7 Wend. 270, S. C.; 1 Phil. Ins. 351, 354.) Here the parties have by their contract placed a misrepresentation or concealment in relation to particular facts upon the same footing as a warranty. They have agreed that the misrepresentation or concealment shall avoid the policy, and we have nothing to do with the inquiry whether the fact misrepresented or concealed was material to the risk. The jury should have been instructed to find a verdict for the defendants.
The Chief Justice and Cowen J., being members of the company, gave no opinion.
New trial granted.

 Further, as to the distinction between a representation and a warranty, see Alston v. The Mechanics' Mutual Ins. Co. of Troy, (4 Hill, 329, 334 et seq.,) and the books there cited by Walworth, chancellor.

 See Potter v. The Ontario and Livingston Mutual Ins. Co. (ante, p. 147, 149.)

 See Grant v. The Howard Ins. Co. (ante, p. 10.)