MARY C. SPENCE, Plaintiff in Error, *vs.* THE CENTRAL AC-
CIDENT INSURANCE COMPANY, Defendant in Error.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

1. INSURANCE—*distinction between warranty and a representa-
tion.* A warranty enters into and is a part of the contract of in-
surance and must be literally true in order to entitle a party to
recover upon the policy, while a representation is not a part of the
contract but is an inducement thereto and need only be substan-
tially true.

2. SAME—*application not a part of policy unless policy clearly
makes it so.* An application for insurance is not a part of the
policy so as to render the statements therein warranties, unless
the language of the policy itself so clearly makes the application a
part of the policy as to preclude any other reasonable construction.

3. SAME—*mere reference to application does not make it a part
of policy.* If the reference in the policy to the application is for
some special purpose other than to make it a part of the policy, or
if no purpose to make it a part of the policy is expressed, the ap-
plication will not be treated as a part of the policy to the extent of
making the statements in the application warranties.

4. SAME—*when application is not made a part of the policy.*
A recital in an insurance policy that "in consideration of the war-
ranties and agreements in the application for this policy and of
$25," etc., is no more than a recital of consideration, which may
be contradicted by parol, and does not make the application a part
of the policy.

5. SAME—*an application cannot be considered in determining
whether it is part of policy.* The preliminary question whether an
application for insurance is a part of the policy must be deter-
mined from the policy itself, in which that fact must affirmatively
appear.

6. SAME—*statements in application not a part of policy are not
warranties.* If an application for insurance is not made a part of
the policy, the statements therein, even though designated as war-
ranties, are mere representations, the materiality and truth or fal-
sity of which are questions of fact.

CARTWRIGHT, C. J., and HAND, J., dissenting.

WRIT OF ERROR to the Branch Appellate Court for the
First District;—heard in that court on writ of error to the
Superior Court of Cook county; the Hon. AXEL CHY-
TRAUS, Judge, presiding.

Henry S. Wilcox, (Jesse Wilcox, of counsel,) for plaintiff in error.

Musgrave, Platt & Lee, for defendant in error.

Mr. Justice Vickers delivered the opinion of the court:

This is an action of assumpsit on an accident insurance policy, brought by Mary C. Spence against the Central Accident Insurance Company, to recover $5687.50, which the company promised to pay to the plaintiff in the event of the accidental death of her husband, Robert Spence. The insurance company, by several special pleas, alleged a breach of warranty as to the age of the assured at the time the policy was applied for. The plaintiff below demurred to these several pleas, which demurrer was overruled, and she elected to abide by her demurrer. To the fourth plea, which set up that the assured, in and by his application, represented that he was sixty-two years of age when, in fact, he was over the age of sixty-two and was of the age of sixty-four, the plaintiff replied, by leave of court, first, that the age of Robert Spence was not material to the risk assumed under said policy; second, that the under-statement of the age of Robert Spence did not increase the risk or hazard of the defendant. The court sustained a demurrer to these replications, and the plaintiff elected to abide by her replications to the fourth plea, whereupon judgment was rendered against her for costs. This judgment having been affirmed by the Appellate Court for the First District, the plaintiff below has sued out a writ of error to obtain a further review of the judgment.

The policy, and the application therefor, are both set out in hæc verba in the declaration. The only question involved in the record is whether the statement of the age of the assured in the application is a warranty or a representation. If the former, the judgment must be affirmed;

but if the statement is only a representation, the judgment will have to be reversed and the cause remanded for a new trial.

There is a well defined difference between a warranty and a representation in the law of insurance. A warranty enters into and is a part of the contract and must be literally true in order to entitle a party to recover upon a policy of insurance, while a representation is not a part of the contract but is an inducement thereto. A representation must relate to a material matter and is only required to be substantially true. *Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 474; *Minnesota Mutual Life Ins. Co.* v. *Link,* 230 id. 273; *Metropolitan Life Ins. Co.* v. *Moravec,* 214 id. 186.

In his application for the policy in question the assured stated: "I hereby apply for an accident policy, to be based upon the following statement of facts, all of which I hereby warrant to be true: My full name is Robert Spence; height 5 ft. 10 in.; weight 134 lbs.; age sixty-two years. My residence is Chicago, Illinois. My post-office address is 122 LaSalle street. My occupations are fully described as follows: Collector publishing house." The application also contained the following: "I hereby agree that this application and warranty, together with the premium paid by me, shall be the basis of the contract between the company and me, and I accept the policy which said company shall issue upon the application, subject to all conditions, provisions and classifications contained in such policy or referred to therein, which I understand cannot be altered, changed or waived by any agent of said company before or after the issuing thereof."

If the language above quoted from the application was in the policy or by reference thereto made a part of the policy, it would be much easier to sustain the defense than it is under the facts of this record. But these statements are only found in the application. A warranty being a part of the contract itself as contradistinguished from a repre-

sentation, which is a mere inducement to the contract, must necessarily appear in the contract·itself. In *Mutual Benefit Life Ins. Co.* v. *Robertson,* 59 Ill. 123, this court, on page 126, said: "A warranty is in the nature of a condition precedent. It must appear on the face of the policy, or if on another part of it or on a paper physically attached, it must appear that the statements were intended to form a part of the policy, or if on another paper, they must be so referred to in the policy as clearly to indicate that the parties intended them to form a part of it. A warranty can not be created nor extended by construction,"—citing Reynolds on Life Insurance, 85, *et seq.;* *Campbell* v. *New England Ins. Co.* 98 Mass. 381; *Burritt* v. *Saratoga Ins. Co.* 5 Hill, 188; *Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 72.

Defendant in error contends that the application in this case is a part of the policy. The only language in the policy that makes any reference to the application is found in the first sentence of the policy, where it is recited: "In consideration of the warranties and agreements in the application for this policy and of $25 does hereby insure Robert Spence, of Chicago, State of Illinois, by occupation a collector publishing house," etc. It will be observed that the reference here to the application does not expressly make it a part of the policy; nor does such effect necessarily follow by a fair construction of the language, even if a warranty could thus be imported into the contract. The doctrine of warranty, in the law of insurance, is one of great rigor and frequently operates very harshly upon the assured, and courts will never construe a statement as a warranty unless the language of the policy is, so clear as to preclude any other construction. As was said by Justice Gray in *McClain* v. *Providence Savings Life Ass.* 110 Fed. Rep. 80: "The practical operation of such literal warranties is so often harsh and unfair that courts require their existence to be evidenced clearly and unequivocally, and are not inclined to allow it to rest upon a mere verbal

interpretation where a reasonable construction of a contract as a whole will authorize a different meaning. All reasonable doubts as to whether statements inserted in or referred to in an insurance policy are warranties or representations should be resolved in favor of the insured." By statute at least two States (Pennsylvania and Ohio) have eliminated warranties from the law of insurance in those States, and the constitutionality of such statutes has been sustained by the Supreme Court of the United States. *Hancock Mutual Life Ins. Co.* v. *Warren,* 181 U. S. 73.

The usual method adopted by insurance companies to make the statements and stipulations embraced in the application a part of the policy is to refer to the application and by express terms make it a part of the contract, or they are declared to be the basis upon which the contract is made, or the policy is declared to be issued upon the faith thereof. (May on Insurance,—2d ed.—sec. 158.) Where this course is pursued there is no room for doubt. A mere reference to the application in the policy is not sufficient. If the reference appears to be for a special purpose and not with a view to import the application into the policy as a part of the contract, the statements it contains will not thereby be changed from representations into warranties. When the reference to the application is expressed to be for another purpose, or when no purpose is indicated to make it a part of the policy, it will not be so treated. (*Jefferson Ins. Co.* v. *Cotheal, supra; Snyder* v. *Farmers' Ins. and Loan Co.* 13 Wend. 92; *Campbell* v. *New England Life Ins. Co. supra.*) In *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 423, Shaw, chief justice, said: "If by any words of reference the stipulations in another instrument, such as the proposal of application, can be construed a warranty, it must be such as to make it, in legal effect, a part of the policy."

The language in reference to the consideration in the policy in question is not contractual, but merely by way of

recital. "In consideration of the warranties and agreements in the application and of $25" is no part of the written contract, in the sense that it embodies any of the engagements or agreements of the parties. It is a mere recital of a consideration, which is always open to contradiction by parol. (Page on Contracts, sec. 1203.) The recital of a given consideration is not a promise to pay it. If it were, parol evidence could not be received to contradict the recital. It has been held in many cases in this State, and is the settled law, that a recital of a given consideration may be contradicted by parol evidence for all purposes except to destroy the legal effect of the instrument. (*Illinois Central Ins. Co.* v. *Wolf,* 37 Ill. 354; *Morris* v. *Tillson,* 81 id. 607; *Koch* v. *Roth,* 150 id. 212.) The effect, and the only effect, of the recital in the policy is to show that the company acknowledged a valuable consideration, which is so far binding as to preclude either party from destroying the legal effect of the policy by showing that no consideration was, in fact, given. Certainly a mere recital such as the one in this policy falls far short of an expressed stipulation that the application is made a part of the policy, which, under the law, is necessary before it can be so treated. The application itself cannot be considered in determining the preliminary question whether it is a part of the policy. This fact must affirmatively appear from the policy itself. It is only after it is determined, from a consideration of the language of the policy, that the two papers constitute the contract that the application can be resorted to. The application not being a part of the contract, any statements contained therein are mere representations, and not warranties. (May on Insurance, sec. 158.) As such, they may avoid the policy if found to be false and material, within the legal meaning of these terms. The materiality of a representation is sometimes a question of law, where the statement is made in response to a direct inquiry or where by the contract the parties have settled the materiality by

agreement. But this is not true in this case under either division of the rule.

The court erred in holding that the statement in the application that the assured is sixty-two years of age was a warranty. Such statement is merely a representation, the falsity and materiality of which are questions of fact, and should have been disposed of by the trial court as such.

For the errors indicated, the judgments of the Appellate and trial courts are reversed and the cause remanded to the superior court of Cook county for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*

CARTWRIGHT, C.J., and HAND, J., dissenting.