**Etta Schreiber et al., Defendants in Error, v. Simeon Straus, Plaintiff in Error.**

**Gen. No. 14,351.**

1. CONTRACTS—*how may not be varied.* A written contract is conclusive of the rights of the parties thereto and parol evidence cannot be received to vary its terms nor can anything be read into it by construction.

2. CONTRACTS—*status of defaulting party.* A party in default has no standing in court to enforce any of the terms of a contract. In this case, *held*, that a party who had entered into a contract to sell and convey land, being in default in not being able to convey

the amount of land called for by the contract, could not recover any part of the purchase price held in escrow under the terms of the contract.

3. ATTORNEY AND CLIENT—*when former cannot bind latter.* An attorney is not the agent of his client, unless expressly authorized, to agree to accept upon behalf of his client a smaller amount of land than that called for by an executory contract of purchase and sale.

4. REAL PROPERTY—*what description controls.* A contract for the sale and conveyance of real property which describes the same by lot number and by the further description as to the location of the property as "being the northwest corner of West 14th and Halsted streets," and which contains no reference to courses or distances or designation of area, is a contract to convey so much land as is shown by the public records to be contained in the lot so described.

5. MUNICIPAL COURT—*when statement of facts made for purpose of review sufficient.* If the statement of facts made by the trial judge of the Municipal Court is certified as "a correct statement of the facts appearing upon the trial * * * and the decisions of the court * * *", it is immaterial that such judge in his certificate did not further certify that such statement contained "all questions of law involved in said cause and the decisions of the court upon such questions of law."

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1908. Reversed. Opinion filed March 22, 1909. Rehearing denied April 5, 1909.

SIMEON STRAUS, for plaintiff in error.

ADLER, LEDERER & SCHOENBRUN. for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The motion of the defendants in error to strike the statement of facts from the record, which was reserved for the consideration of the court to the hearing, is denied.

The defendant appeals from a judgment of the Municipal Court rendered against him on a trial by agreement before a judge of that court, without a jury, for $1,000 and costs.

Defendant held in escrow $1,000 under the terms of a contract for the sale of real estate in Chicago, from the plaintiffs to one Clara Pritikin, which the latter paid as earnest money. The purchaser refused to take title and complete the purchase upon the ground that plaintiffs did not furnish abstracts showing title in them or either of them, to the land agreed to be conveyed. The property contracted to be conveyed for the consideration of $34,200 is described in the contract as lots 29 and 31 in block 11, in Brand's Addition to Chicago, situate on the northwest corner of Halsted and Fourteenth streets, Chicago. At the time Straus, who was acting as Clara Pritikin's lawyer, drew the contract, Bert Schreiber represented that the two lots had a frontage of forty-eight feet on Halsted street, although, he said, it might be a little short of that.

By the terms of the contract plaintiffs agreed to convey a good title and to furnish merchantable abstracts, showing such good title in them. The abstracts furnished for examination show a plat of the subdivision of block 11 of Brand's Addition, and the lots in question to have a frontage of twenty-five feet each on Halsted street. These abstracts do not purport to show title to the whole of lots 29 and 31, but are limited to lot 29 and the north eighteen feet of lot 31. The title to the last-described property appears from these abstracts to be in Etta Schreiber. It appears that at the time of the subdivision of block 11, Brand's Addition, Fourteenth street did not exist at Halsted street. While no condemnation or other proceedings for the opening of Fourteenth street are shown in the abstracts submitted for examination, it does appear from a note made upon one of the abstracts, that an order was made by the Chicago Common Council for the opening of that street. It appears, however, inferentially at least, that the north seven feet of lot 31 is a part of Fourteenth street. Straus rejected the title, stating in his opinion, *inter alia*, that the "con-

tract specifies lots 29 and 31 being of record fifty feet, while the south seven feet of lot 31 have been taken for opening of Fourteenth street'', and that ''the abstract is made for the north eighteen feet of lot 31 only, and abstract does not show that Fourteenth street has been opened or that the north eighteen feet of lot 31 comes to the corner of the street''.

Etta Schreiber tendered a warranty deed from herself to Clara Pritikin, conveying lots 29 and 31 ''except that part thereof taken for opening of West Fourteenth street, formerly Mitchell street.'' This was declined as not conveying the property called for by the contract between the parties, and therefore not satisfying the terms of that contract, Clara Pritikin was not obligated to accept such deed and pay the purchase price.

The paramount question for solution seems to be, according to the contention of the parties, whether the solemn written contract of the parties is to be regarded as controlling their rights, or the parol understanding inferable from the situation as to Fourteenth street and the taking of a part of lot 31 for its opening, being in the minds of the parties that what was left of lot 31 must by intendment be regarded and treated as all of that lot, the remainder being a part of the public domain. It is clear to our minds that the written contract of the parties is conclusive of their rights, and that in accord with its terms must the obligations and duties of the parties be ascertained and their rights settled. Parol evidence cannot be received to vary the written agreement of the parties; nor can anything be read into it by construction. While parol evidence is in certain conditions admissible to enable the court, from a view of the situation of the parties themselves at the time of entering into the writing, and as an aid to the court therefrom to interpret the writing in the light of such situation, yet such parol evidence cannot be received to add any condition not found in such writing or to expunge

from it any clause or condition appearing in it. But it is said that after the true situation was known, Straus agreed to accept the deed conveying a smaller amount of land than called for by the contract; still, while this is not denied, Straus spoke for his client in her absence and without her authority, and as Clara Pritikin would not ratify the unauthorized suggestion of her counsel, his action in this regard was impotent to affect her rights under the contract. Notwithstanding it is true that the parties had in contemplation the property upon the corner upon which it is in fact situate, still, having contracted to convey by lot description, such will be adjudged to be their expressed intention and the measure of their obligation.

The contract in controversy is in its nature and essence executory. It covenants for acts and things to be done in the future. A party in default has no standing in court to enforce any of its terms in his favor. Plaintiffs being clearly in default, neither showing title nor offering to convey title according to their agreement, are in no position to maintain an action against Straus for that part of the purchase money held by him in escrow under the terms of the contract. Not being entitled to demand all the purchase price, they have no claim to that part of it held by Straus. The principle here applicable is stated in Hale v. Cravener, 128 Ill. 408, where the court say: "Where a contract for sale is strictly executory, so that no property, estate or interest in its subject-matter passes thereby to the purchaser, and cannot, except by a performance, it is an inflexible rule of law that the plaintiff cannot maintain an action for the purpose of enforcing it directly or indirectly by recovering damages for its non-performance, unless he performed or tendered performance of everything on his part to be done in pursuance of the literal terms of the agreement, at the very time and in the exact manner provided for by those terms. This doctrine, when applied to such contracts, viz: those purely exec-

utory, prevails in equity as well as at law, although its operation is much more limited and confined to fewer instances in equity than at law''.

There is nothing in the sale contract indicating an understanding or knowledge of either of the parties that any portion of either lot was excepted, or had been taken for street use. All that was said on the subject was the remark of Bert Schreiber that the corner lot was 23 feet and the inside lot 25 feet, and that together there was substantially 48 feet. If he had desired to limit his obligation as to the frontage, he should have done so by apt terms in the contract. The further description as to location of the property as ''being the north-west corner of West Fourteenth and Halsted streets'', in no sense qualified the lot description or circumscribed the area of the lots called for by the designation of them in the contract as the property to be conveyed; for, as said in Rutherford v. Tracy, 48 Mo. 328, ''the designation of the lot by its number must be regarded as the prominent object or monument; and where there is uncertainty, the monument must prevail over the description by courses and distances''. In the contract before us there is no reference to courses or distances or designation of area of the property contracted to be conveyed. The lot description had reference to a subdivision which was a matter of public record, and from which it appeared that each lot had a frontage on Halsted street of 25 feet. Parker v. Kane, 22 Howard (U. S.) 1.

Plaintiffs did not furnish a merchantable abstract of title to the lots contracted to be conveyed. This was incumbent upon them and their failure to furnish such an abstract constituted a breach of the contract on their part which cannot be excused. Parker v. Porter, 11 Ill. App. 602; Hale v. Cravener, *supra*. It was of no importance that Bert Schreiber was not possessed of title to the lots bargained to be sold to Clara Pritikin. If the other covenants of the contract had been performed on the part of the ven-

dors and the abstract showed title in Etta Schreiber, then tender of a deed in due form from Etta Schreiber to Clara Pritikin would have answered every legal requirement.

Defendants in error have argued at considerable length that the statement of facts in the record is not in compliance with the Municipal Court Act because the certificate of the trial judge did not contain in it the statement that it contained, ''all questions of law involved in said case and the decisions of the court upon such questions of law.'' The trial judge, however, did state in his certificate that the statement ''was a correct statement of the facts appearing upon the trial   *   *   *   and the decisions of the court''. It seems that the trial judge erased from his certificate the clause in relation to the law involved, because he expressed himself as of the opinion that no questions of law were involved. In this view, however, he was in error, but surely it can hardly be seriously contended that defendant, because of such error of the trial judge, must be deprived of his right to a review of the record and a correction by this court of the errors of the court below. Furthermore, it is axiomatic that questions of law arise from the facts of each particular case, and it is the law when applied to such facts in every case which determines and controls the court's decision. Without facts, there can be no law to apply. With facts, the application of the law to them follows as a matter of course. It is equally well settled that every court before whom a cause is presented, when in possession of the facts will apply to such facts the principles of law applicable and essential to confer and enforce the rights which the law adjudged the party entitled to upon such facts. As the statement in the record presents the facts before the trial judge, we will, as we have already done in this opinion, apply the law to such facts and render judgment in accord therewith. While the certificate may be informal because of the trial judge's misconception of the case

and his judicial duty, yet it is in every material aspect sufficient to call for our review and judgment.

The judgment of the Municipal Court is wrong. It should have been in defendant's favor. It is therefore reversed.

*Reversed.*