### Katie Peckham, Appellee, v. Modern Woodmen of America, Appellant.

1. APPEALS AND ERRORS—*when sufficiency of plea saved for review.* Proceeding to trial upon other pleas presenting distinct grounds of defense does not waive the question as to the propriety of the court in sustaining a demurrer to another plea.

2. FRATERNAL BENEFIT SOCIETIES—*what constitutes contract of insurance.* Where the application is not only referred to in the certificate but the statements and stipulations imposed therein are expressly and specifically made a part of the certificate, the contract of insurance is represented by the application, by the certificate, the examination of the physician and the constitution and by-laws of the society.

3. FRATERNAL BENEFIT SOCIETIES—*what constitute warranties.* Statements made in an application which enter into and become a part of the certificate of insurance are warranties and not representations and whether material or otherwise must have been literally true in order that recovery may be had upon such certificate.

4. FRATERNAL BENEFIT SOCIETIES—*when defenses not waived.* If a letter is written by a fraternal benefit society refusing to pay a claim for insurance upon specified grounds, other grounds justifying such refusal to pay may be urged if such letter did not tend to mislead or prejudicially influence the claimant under the certificate in suit.

5. EVIDENCE—*effect of verdict of coroner's jury.* A verdict by a jury impaneled by a coroner is not conclusive of the facts found, nor does such verdict establish *prima facie* the fact found, but the same is merely evidence which tends to show the existence of the fact in question.

Assumpsit. Appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed August 5, 1909.

TRUMAN PLANTZ, W. H. RAGAN and GEORGE B. RHOADS, for appellant.

W. C. HEADEN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit for the recovery of the sum claimed to be due to the plaintiff as beneficiary by the terms of a certan benefit certificate for $3000 issued by the defendant society upon the life of George E. Peckham, a son of the plaintiff. A judgment was rendered in the trial court for the face of the certificate. To reverse such judgment this appeal is prosecuted by the defendant.

The declaration consists of a special count which sets out the policy in *haec verba* excepting the application on the back thereof, and the common money counts consolidated. The defendant pleaded the general issue and special pleas charging that the insured had committed suicide thus avoiding the certificate, upon which issue was joined. Certain other pleas were filed numbered 6 to 14 inclusive, which set forth, separately, that the insured in his application warranted certain things to be true, viz: that his father's health was good; that he had but one sister living, whose age was eight years and her health was good and that he had no sisters dead; and that none of his relatives had been afflicted with insanity; that upon the faith of such warranties the society issued the certificate, and that as the warranties were, in fact, false and untrue, the certificate was null and void. Certain other pleas set

forth the same defenses, omitting, however, the aver-
ment that the certificate was issued upon the truth
of the statements in the application. A demurrer was
sustained to said pleas, whereupon the defendant elect-
ed to abide by them, and afterward by leave of court
and in conformity to its rulings upon the demurrer,
filed additional pleas setting up the falsity of the ap-
plication touching both father and sister and add-
ing the averment that when the answers in question
were made by the insured, he then and there well knew
the same to be false. Issue was thereupon joined upon
the latter pleas and the trial had upon them and the
suicide pleas.

The first ground for reversal urged is that the court
erred in sustaining a demurrer to pleas 6 to 14. Coun-
sel for plaintiff insists that in order to preserve the
question for review, the defendant should have gone
to trial on the remaining pleas, and that by filing
additional pleas the defendant waived its right to
raise the question. This would have been true had
the defendant amended the pleas to which a demurrer
was sustained. The additional pleas although some-
what similar in character presented another and dis-
tinct ground of defense and cannot properly be held
to have been amendments to the original pleas. The
question of the sufficiency of the original pleas is there-
fore reviewable in this court.

The certificate in suit contains the following clauses:

"This benefit certificate is issued and accepted only
upon the following express warranties, conditions, and
agreements:

"1. * * * That the application for membership
in this Society made by the said member, a copy of
which is hereto attached and made a part hereof, to-
gether with the report of the medical examiner, which
is on file in the office of the Head Clerk and is hereby
referred to and made a part of this contract, is true
in all respects and that the literal truth of such appli-
cation, and each and every part thereof, shall be
held to be a strict warranty and to form the only basis
of the liability of this Society to such member, and to

his beneficiary or beneficiaries, the same as if fully set forth in this Benefit certificate.

"2. That if said application shall not be literally true, in each and every part thereof, then this Benefit certificate shall, as to said member, his beneficiary or beneficiaries, be absolutely null and void.

"3. This certificate is issued in consideration of the warranties and agreements made by the person named in this certificate in his application to become a member of this Society, and also in consideration of (payment of assessments).

"5. If the member holding this certificate * * * shall, within three years after becoming a Beneficial member of this Society, die by his own hand, whether sane or insane, * * * or if his application for membership, or any part of it, shall be found in any respect untrue, then this certificate shall be null and void, and of no effect, and all moneys which have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited and this certificate becomes null and void."

Upon the certificate the following also appears:

"A copy of your application for membership is attached to this certificate. Read it. If any answer or statement therein is not correct notify the Head Clerk at once."

The application upon which the certificate was issued contains the following clauses:

"5. I agree * * * that this application and the By-laws of this Society shall form the sole basis of my admission to and membership therein, and of the Benefit certificate to be issued to me by said Modern Woodmen of America; that any untrue statement or answer, or any concealment of fact, intentional or otherwise, in this application (including therein the next succeeding page), * * * shall forfeit the rights of myself and that of my beneficiary or beneficiaries to any and all privileges growing out of my membership in said Society.

"6. I am a believer in a Supreme Being. I fully understand the objects, organization, mode of government and By-laws of this Society, and particularly

that part of the laws defining the qualifications for and restrictions upon its membership, and that providing for the forfeiture of indemnity for untrue statements or answers in an application for membership. I further understand and agree that the laws of this Society now in force or hereafter enacted, enter into and become a part of every contract of indemnity by and between the members and the Society and govern all rights thereunder. I further understand and agree that this Society does not indemnify against death from suicide, sane or insane, if occurring within three years from date of certificate  *  *  *.

"34. The following are full, true, and correct answers and statements in relation to the following particulars concerning my family history."

In answer to questions relative to his family history the applicant stated, in substance, that he was born at Hunton, Illinois, December 21, 1885; that his father was living, aged 55, health good; that his mother was living, aged 38, health good; that he had no brothers living and two dead; that he had one sister living, eight years old, health good; that he had no sisters dead; and that his parents, grandparents, brothers, and sisters had none of them been afflicted with insanity. The application then concludes as follows:

"I have verified each of the foregoing answers and statements from 1 to 35 both inclusive, adopt them as my own, whether written by me or not, and declare and warrant that they are full, complete and literally true, and I agree that the exact literal truth of each shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers. I further agree that the foregoing answers and statements, together with the preceding declaration, shall form the basis of the contract between me and Modern Woodmen of America, and are offered by me as a consideration for the contract applied for, and are hereby made a part of any Benefit certificate that may be issued on this application, and shall be deemed and taken as a part of such certificate; that this application

may be referred to in said Benefit certificate as the basis thereof, and that they shall be construed together as one entire contract; and I further agree that if any answer or statement in this application is not literally true   *   *   *   that my Benefit certificate shall be void.   *   *   *.   And I further expressly waive for myself and my beneficiary or beneficiaries the provisions of any law, and the statutes of any State, now in force or that hereafter may be enacted, that would,   *   *   *   cause it (this agreement) to be construed in any way contrary to its express language."

It will be observed that the application is not only referred to in the certificate, but that the statements and stipulations embraced therein are expressly and specifically made a part of the certificate, and that a copy of such application is attached to the certificate and thus made a part of the same.  Such certificate, together with the examination of the physician and the constitution and by-laws of the society, constituted the contract between the insured and the society.  Fullenwider v. Loyal League, 180 Ill. 625.  Furthermore, the statements and stipulations contained in the application are declared in the certificate to be the basis upon which the contract is made, and the certificate is declared to be issued upon the faith of such statements and stipulations.  There can therefore be no doubt that the statements in the application entered into and became a part of the certificate; that such statements were warranties and not representations or mere inducements, and whether material or otherwise, must have been literally true in order to entitle the plaintiff to recover.  Spence v. Central Accident Ins. Co., 236 Ill. 444; Baumgart v. M. W. A., 85 Wis. 546; Finch v. M. W. A., 113 Mich. 646.  It follows that the court erred in sustaining the demurrer to special pleas 6 to 14 inclusive.

It is insisted by the defendant that a number of letters written by W. H. Pontius, the clerk of the camp of which insured was a member, to the plaintiff, one of which, "Exhibit I," stated that her claim was rejected

by the society because a coroner's jury had returned a verdict finding that the insured came to his death by suicide, were improperly admitted in evidence. The letters in question were competent as tending to prove the defendant's reason for refusing to pay the plaintiff's claim. If it had appeared that the plaintiff was misled or influenced to her injury by the omission or failure of the defendant to set forth other reasons than that mentioned for its failure to pay, the defendant would have been restricted in its defense to the reason assigned. Weston v. Life Assurance Co., 234 Ill. 492.

During the trial it was stipulated by the parties that the verdict of a jury impaneled by the coroner of the county where the insured met his death, together with the venire, record and original testimony taken at the inquest, might be read to the jury. The verdict in question found that the insured "came to his death by his own hand willingly by means of a gunshot wound; suicide." At the instance of the plaintiff the court instructed the jury that notwithstanding such verdict it was necessary for the defendant to prove by a preponderance of the evidence that the insured committed suicide before the defendant could under its defense of suicide defeat a recovery by the plaintiff. Such instruction stated the law correctly.

The coroner's verdict while competent to be considered in connection with the other evidence pertaining to the issue was not sufficient to establish *prima facie* the fact that the insured committed suicide. Defendant's instruction number 16 was therefore properly refused.

For the error indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*