## Mary Karaffa, Defendant in Error, v. Supreme Court of the Independent Order of Foresters, Plaintiff in Error.

### Gen. No. 15,167.

1.    FRATERNAL BENEFIT SOCIETIES—*what constitutes application.* *Held,* under the evidence in this case, that a document (not a formal application) which contained certain questions and answers, was competent as constituting, in effect, an application upon which the certificate in question was predicated.

2.    FRATERNAL BENEFIT SOCIETIES—*when false answers vitiate cer-*

*tificate.* Answers as to previous nonrejection of insurance, if false, where made to a matter so material to the risk that even though they constitute mere representation, will void a cerificate predicated thereon.

3. FRATERNAL BENEFIT SOCIETIES—*when representations are warranties.* *Held,* that the representations made in the application for a certificate, under the express terms of such application and the certificate issued thereon, were warranties, the falsity of which vitiated the certificate.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of facts. Opinion filed January 24, 1911.

CHARLES J. KAVANAGH, for plaintiff in error; G. A. HARPER, of counsel.

PARKER & HAGAN, for defendant in error.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

A benefit certificate for $1,000 was issued February 1, 1907, by defendant to plaintiff on application by her husband, who died in December, 1907, of pneumonia. The certificate recites that it is issued, "in consideration of the application for membership and of the medical examination paper of the hereinafter mentioned member, including the statements, answers, declarations, agreements, waivers and warranties contained in the said application for membership and said medical examination paper (which are hereby referred to and made a part of the contract with the said member), * * * and subject also to the provisions and conditions on the face and on the back hereof." Among the conditions printed thereon is the following: "The application for membership of the said member and the medical examination paper of the said member and the conditions, statements, answers, agreements, declarations, waivers and warranties in each contained shall be a part of the contract between the said The Supreme Court and the said member."

500    APPELLATE COURTS OF ILLINOIS.

Karaffa v. Sup. Ct. of the Ind. Order of Foresters, 159 Ill. App. 498.

A physician testified that the deceased signed a document offered in evidence and answered the interrogatories contained therein, in his presence, on January 10, 1907, and that he mailed it to the chief medical examiner of the defendant at the home office; that this paper was the only examination he had made of the deceased for membership in the defendant and that he was the only examiner for the court referred to in the benefit certificate, of which deceased became a member. Thereupon, over plaintiff's objection the document was admitted in evidence. This testimony was, in our judgment, a sufficient basis for the action of the trial court in admitting this document in evidence as the medical examination paper referred to in the certificate and expressly made a part thereof. In any event, no cross-errors having been assigned, it must now be deemed properly in evidence.

The paper contained *inter alia* the following:

"84—Have you ever applied for life insurance? No. 84A. If so were you accepted?

85. Were you ever rejected by any Society or Company? No.

85a. If so, when and by what Society or Company?

85b. What was the cause of your rejection?

"I hereby warrant that all the foregoing statements and answers, Nos. 1 to 120a inclusive, whether written by myself or by some one else, are mine, and that they are each full, complete and true as herein recorded * * * and this medical examination paper (including the said warranty which I agree shall constitute and shall always be accepted and construed as constituting a continuing warranty, and including also the statements and answers, agreements and waivers herein) is offered by me to the said The Supreme Court of the Independent Order of Foresters as a consideration for accepting me as a member of the said Order and for the policy or benefit certificate and contract; and I agree that this medical examination paper shall become and be a part of the policy or benefit certificate which is to be issued on my application for membership and

this medical examination paper; and I agree that if there is any concealment, misrepresentation, false statement or untrue answer in this medical examination paper, which may be issued to me, that my membership in the said Order and the said policy or benefit certificate and contract shall be null and void from the beginning and all moneys paid on account of my said membership and policy or benefit certificate and contract shall be forfeited to the said The Supreme Court."

The evidence shows that in 1900, and again on December 17, 1906, the deceased had filled out and signed applications for insurance in the Prudential Life Insurance Company; that in each instance he had paid a premium in advance to the solicitor of the company; that the solicitor in 1900 took the application so signed to "the Prudential Insurance Company, to the Branch office," and that it was given by him to the supervising manager of the company at that office; that the solicitor in December, 1906, took the paper "down to the office" and gave it to Mr. Brophy; that in each instance, within two or three weeks thereafter, the solicitor called on the deceased and told him that his application had been rejected by the Prudential Company.

In our judgment, the motion of defendant to instruct for it should have been granted.

If the answers as to the other applications and rejections, which were clearly false, were only representations, they were so highly material to a determination by the company as to whether it would accept the risk, that their falsity, even if not fraudulent and even without the express agreement to that effect, would render the certificate null and void. But in our judgment, their correctness was clearly and expressly warranted in the document, which by the express terms thereof and of the certificate, formed a part of the contract between the parties. Their falsity for this reason was a complete defense to this action. Spence v. Ins. Co., 236 Ill. 444, at 448; Peckham v. Modern Woodmen, 151 Ill. App. 95, at 103.

Inasmuch as a verdict for defendant should have been directed, the judgment must be reversed with a finding of facts.

*Reversed with a finding of facts.*