## Wendell S. Merrick, Plaintiff in Error, v. T. A. Rooney, Defendant in Error.

### Gen. No. 22,210.

CONTRACTS, § 380*—*when parol evidence admissible to show real consideration.* Parol evidence is admissible to show that the earnest money actually paid upon the execution of a contract to convey realty was in a different amount than that recited in the contract.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 26, 1916.

WILLIAM ENGLISH, for plaintiff in error.

AUSTIN J. ROONEY, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The parties to the litigation entered into a written contract, by which defendant agreed to sell certain real estate to plaintiff. The plaintiff, after signing and delivering the contract, declined to complete the purchase. The reason for his action in so refusing is of no consequence, as neither the issues nor the proofs call it in question.

James Carroll was the agent who negotiated the transaction and procured plaintiff to execute the contract. The contract recites that plaintiff paid five hundred dollars as earnest money to be applied on the purchase price when the sale was consummated. It further provided that if the title proved defective and plaintiff did not for that reason complete the purchase, the earnest money should be returned to him. The earnest money and the contract were to be held in escrow by John A. Carroll & Brother for the mutual

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

benefit of the parties. When Carroll presented the contract to plaintiff for execution by him he declined to pay as earnest money five hundred dollars, but was willing to pay one hundred dollars, and did pay the one hundred dollars, which Carroll accepted, but failed to change the contract in this regard. These facts are not in dispute.

Plaintiff brings this action to recover four hundred dollars as due him in virtue of the contract as unpaid earnest money, which the contract provides shall be forfeited as liquidated damages on defendant's refusal to carry out the contract on his part. There was a trial before court and jury, which resulted in a verdict and judgment in favor of defendant, and plaintiff is here asking a reversal.

Plaintiff requested the court to instruct the jury to find a verdict in his favor for four hundred dollars, which the trial judge declined to do, but instructed the jury that if they believed from the evidence "that at the time the said contract was signed that it was agreed by and between the parties to this litigation that the sum to be paid as earnest money or liquidated damages was one hundred dollars, then and in that event the jury should find the issues for the defendant." Under this instruction and the proofs, the jury had no alternative than to bring in a verdict for defendant.

Plaintiff's rights are restricted to the terms of the contract. In virtue of that contract he seeks to recover the amount of the earnest money recited in the contract to have been paid to the agents. Neither in the statement of claim nor in the evidence given thereunder upon the trial is there stated or proven such facts as entitle plaintiff to recover from defendant the amount of the earnest money recited in the contract to have been paid. The fact that one hundred dollars only was paid, and that not to defendant but to the

agents, defeats the action set forth in the statement of claim.

We think the conceded fact that one hundred dollars was paid as earnest money and not five hundred dollars, as recited in the contract, was susceptible of proof by parol, without violating any rule against the varying or altering of written contracts by parol proof. The actual consideration for a deed or contract for the conveyance of real estate is always open to proof by parol. The expressed consideration in the writing is not conclusive; it is in the nature of a receipt for money which may be explained by parol whenever the amount actually paid is disputed. In *Spence v. Central Accident Ins. Co.*, 236 Ill. 444, the court say: "It has been held in many cases in this State, and is the settled law, that the recital of a given consideration may be contradicted by parol evidence for all purposes except to destroy the legal effect of the instrument." And again the court say in *Koch v. Roth*, 150 Ill. 212: "It is well settled, however, that the recital of a consideration in a deed or bill of sale is not conclusive upon either party; and that it may be shown by parol what the true amount of the consideration is, and how it is to be paid." We have been cited to no cases holding to the contrary, and we know of none. Certainly *Schreiber v. Straus*, 147 Ill. App. 581, does not hold to the contrary of the doctrine above announced, for the question of the amount of the consideration expressed in the Schreiber contract was not involved.

The judgment of the Municipal Court is without error and is therefore affirmed.

*Affirmed.*