Woodlawn Farm Company et al., for use of Platt & Musser, Plaintiffs in Error, v. Farmers & Breeders Livestock Insurance Company, Defendant in Error.

## Gen. No. 7,117.

1. INSURANCE—*timeliness of notice to insured as question of fact.* Under a policy insuring a valuable breeding animal which requires the insured to exercise due diligence, precaution and care for the safety and health of the animal and in case of sickness to promptly call a veterinary surgeon and notify the insurance company, the question whether or not prompt notice of the animal's sickness was given by the insured to the insurer is one of fact where, although the date of notice is not disputed, the evidence is conflicting as to the date on which the sickness began and as to the condition of the animal prior to the time of the issuance of the policy and at the date thereof.

2. INSURANCE—*when insured is bound by application of agent.* In an action on an insurance policy covering a valuable animal which was owned jointly by a company and a copartnership, an instruction that if the jury believed from the evidence that the company authorized its president to apply for the insurance and that he made such application, then it would be bound by the terms of the application and the policy issued thereon, is supported by evidence which shows that the company and a copartnership were joint owners of the animal in question but that the copartnership had not paid for its half interest therein, that the president applied for the policy which was issued to the company or the copartnership alternately each having a one-half interest in the animal, that the copartnership ratified the application by signing the same together with the agent for the company, that payment was made to the copartnership, that the company and the copartnership were in partnership generally in the farming and livestock business and that the president of the company acted as agent for all the parties and also as agent for the insurer.

Woodlawn F. Co. v. Farmers & Breeders L. Ins. Co., 227 Ill. App. 577.

3. INSURANCE—*notice to agent acting adversely is not notice to the insurer.* In an action on an insurance policy on a valuable animal, the court properly refused instructions that notice of facts material to the risk to an agent of the insurer clothed with general power to solicit and make contracts of insurance for the company is notice to the company of such material facts, where the evidence shows that the policy sued on was written by an agent of the insurance company, who was also the president of a corporation which owned a half interest in the property insured and was also interested in the other half interest as creditor for the purchase price thereof, and where there is evidence that such agent had knowledge that the animal was sick at the time the application was made.

4. HARMLESS AND PREJUDICIAL ERROR—*refusal to give requested correct instruction not prejudicial where judgment goes to adverse party.* In an action on an insurance policy, error in refusing to instruct the jury that in case they find in favor of the plaintiff they could allow interest on the amount due is not reversible where the jury found against the plaintiff.

5. INSURANCE—*necessity of pleading waiver of defense to policy.* In an action on an insurance policy covering a valuable animal, the plaintiff cannot claim waiver of a defense to the policy by the insurer through the latter's failure to make known its defense promptly upon receipt of notice of loss, where such alleged waiver of defense is not pleaded in the declaration or in any replication to special pleas raised by the insurer.

6. INSURANCE—*proof of defense of misrepresentations in application.* In an action to recover the amount of an insurance policy on a valuable animal, a defense that the insured concealed the fact of the animal's sickness at the time of making application is sustained where the application stated that the animal was not then sick and had not been sick to the knowledge of the applicant, and the evidence shows that the animal had been sick for several days prior to the making of the application and at the time thereof and had been given some medical treatment, and that these facts were known to the agent of the insured who signed the application.

Error by plaintiffs to the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed January 24, 1923.

J. J. LUDENS, for plaintiffs in error.

JOHN P. DEVINE and JACOB CANTLIN, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Plaintiffs in error, the Woodlawn Farm Company and F. A. Platt and E. M. Musser, began suit in the circuit court of Whiteside county against the defendant in error, the Farmers & Breeders Livestock Insurance Company, to recover for the death of a bull, under a policy of insurance issued by the defendant in error to plaintiffs in error. There was a trial by a jury, verdict for defendant in error, and a writ of error has been prosecuted from this court to review the judgment.

The Woodlawn Farm Company, a corporation, of Sterling, Illinois, on or about February 15, 1921, at a public sale, sold to F. A. Platt and E. M. Musser for $1,750, a one-half interest in the bull. Judson T. Williams was president of the Woodlawn Farm Company. He was also the local agent of the defendant in error, the Farmers & Breeders Livestock Insurance Company, and solicited insurance on livestock in that neighborhood. On February 17, 1921, a policy of insurance for $1,750 was issued on the bull by the defendant in error to the Woodlawn Farm Company, or Platt & Musser. The policy was to run for one year, and $140 premium was paid, which was afterwards returned by the defendant in error. The bull died on February 27, 1921. The declaration declared on the policy, and the defendant in error filed the general issue and three special pleas. The first special plea alleged that the plaintiffs in error had no insurable interest in the bull. The second alleged that the policy was obtained by fraud in that in the answer to interrogatory No. 10 the applicant for the insurance answered that the animal was not sick at the time of the application, or ever had been sick since owned by the applicant, or within his knowledge, and had not received any hurt or injury, whereas said animal had been sick for some time prior to the date the policy

580 APPELLATE COURTS OF ILLINOIS.

Woodlawn F. Co. v. Farmers & Breeders L. Ins. Co., 227 Ill. App. 577.

was applied for with a disease known as indigestion. The third special plea alleged that the insured had agreed to use all due diligence, precaution and care in the use, and for the safety, health and preservation of said animal, and in case of sickness or accident to promptly summon a regularly licensed veterinary surgeon, and to promptly notify defendant in error of any sickness; and that the insured had not complied with these conditions of the policy.

The sixth instruction given on behalf of the defendant in error, after reciting the provisions of the policy relative to the use of due diligence, precaution and care for the safety, health and preservation of the animal, and in case of sickness to promptly summon a veterinary surgeon and notify the company, told the jury that if, from the evidence, the jury believed that the assured did not promptly notify the insurance company of the sickness, then they should find the issues for the defendant, unless they believed these provisions of the policy were waived by the insurance company. Plaintiffs in error object to this instruction on the ground that there is no dispute as to when notice was given to defendant in error of the sickness of the animal, and therefore the question of notice was one of law for the court and not one of fact for the jury. This contention of the plaintiffs in error must be considered in connection with the alleged fraudulent answer of plaintiffs in error to the tenth interrogatory, relative to the previous sickness of the animal. This animal was sold at a public sale held by the Woodlawn Farm Company on February 15, 1921. It is admitted by Williams, the president of the Woodlawn Farm Company, that the animal was not in as good condition as it might have been on the day of the sale, but he gave as an excuse for this condition that they had given the animal a physic some days before. Dr. F. J. Santee, a veterinary surgeon, testified that Williams told him the bull had suffered from indiges-

tion for a couple of days before the sale, and was taken sick the day the application for insurance was made. Several other witnesses testified that Williams, at the time of the sale, stated that the animal had a spell of indigestion but that he would guarantee him to come out all right. A telegram notifying the defendant in error of the sickness of the animal was offered in evidence and was dated February 22, 1921. While there is no conflict in the evidence as to the date the defendant in error was notified, there was a serious conflict as to the date the sickness began, as to the condition of the animal on the day of the sale, and in fact for several days prior thereto. Plaintiffs in error insist that the jury were misled by the use of the word "promptly" as it appears in the sixth instruction. Under the conflicting evidence the question as to whether prompt notice was given of the sickness of the animal was a question of fact which was properly submitted to the jury, and it was not a question of law for the court to determine, and we do not think the jury were misled by the use of the word "promptly" as it appears in this instruction.

The fifth instruction told the jury that if they believed from the evidence that the Woodlawn Farm Company authorized Williams, as its president, to make application for the insurance, and that he did make such application, then the Woodlawn Farm Company would be bound by the terms of such application and by the terms of the policy issued, to the same extent that an individual would be bound. The objection to this instruction is that there was no evidence on which to base it; that Platt & Musser were the real plaintiffs in the suit and the Woodlawn Farm Company was only the nominal plaintiff; and that there was nothing to show that Williams was acting as the agent of Platt & Musser in making the application, but on the contrary he was acting as the agent of the defendant in error. It is also objected that the in-

struction assumes that Williams was only the agent for the Woodlawn Farm Company and implies that he was not the agent of the defendant in error.

This contention is not sustained by the evidence. The policy was applied for by the Woodlawn Farm Company by Williams, its president, and the policy was issued to the Woodlawn Farm Company, or Platt & Musser. According to the testimony of Williams, his purpose in signing the application for the Woodlawn Farm Company was to assure his company of its money in case the animal died during the term of the policy, and this was for the reason that Platt & Musser had not paid for their half interest in the animal at the time the policy was issued. Under the evidence, the Woodlawn Farm Company had more than a nominal interest in the animal and in the policy. It was in fact equally interested with Platt & Musser in the animal. The policy was issued, not on an undivided one-half interest in the animal, but was issued on the whole animal. Under the terms of the policy the Woodlawn Farm Company as well as Platt & Musser would have been entitled to demand all money due under the policy. While the application was not made by Platt & Musser, yet they joined with the Woodlawn Farm Company in signing the application at the end of the receipt attached thereto, thereby expressly ratifying all that Williams had done in signing the application for the Woodlawn Farm Company. The payment for the insurance was made by Platt & Musser and this constitutes a ratification by them of the acts of Williams in applying for the policy. The evidence further shows that Platt & Musser are in the farming and livestock business in partnership with the Woodlawn Farm Company. After the sale, the animal was taken back to the farm of the Woodlawn Farm Company, and it was the intention to keep it on a farm owned by the wife of Williams. It is therefore a fair conclusion that Williams, as president

of the Woodlawn Farm Company, in partnership with Platt & Musser, not only in the purchase of the bull but also in farming operations, was acting as agent for all the parties, including Platt & Musser, and for this reason there was evidence to justify the court in giving the fifth instruction.

The second refused instruction told the jury that an agent of an insurance company who is clothed with general power to solicit and make contracts of insurance for his company is so far a general agent of the company that notice to him of facts affecting the contract is notice to the company, and the third refused instruction applied that proposition of law to the particular facts in this case. The law is correctly stated in these two instructions. Notice to the agent at the time of the application for insurance of facts material to the risk is notice to the insurer, and will prevent the company from insisting upon a forfeiture for causes within the knowledge of the agent, and when the insured discloses facts to the agent, and the agent undertakes to fill out the application, the insurance company will be bound by such facts as were then within the knowledge of the agent. *Phenix Ins. Co. v. Stocks,* 149 Ill. 319; *Phenix Ins. Co. v. Hart,* 149 Ill. 513; *Home Ins. Co. v. Mendenhall,* 164 Ill. 458; *Royal Neighbors of America v. Boman,* 177 Ill. 27; *Provident Sav. Life Assur. Society v. Cannon,* 201 Ill. 260; *American Hominy Co. v. National Bank of Decatur,* 294 Ill. 223. There are, however, exceptions to this rule. When an agent is engaged in a transaction in which he is interested adversely to his principal, the principal will not be charged with knowledge acquired by the agent. *Cowan v. Curran,* 216 Ill. 598. Notice to the agent is not notice to the principal when the facts are such as to authorize the inference that he will conceal his information from his principal. *Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co.,* 223 Ill. 41. The presumption is that an agent will con-

584     APPELLATE COURTS OF ILLINOIS.

Woodlawn F. Co. v. Farmers & Breeders L. Ins. Co., 227 Ill. App. 577.

ceal from his principal whatever is adverse to the agent's interest, and in such a case the rule that notice to an agent pertaining to matters within the scope of his agency is notice to the principal does not apply. *Cowan v. Curran,* 216 Ill. 598. The facts in this case come within the exception to this rule. The evidence shows that Williams was the local agent of the defendant in error. He was also the president of the Woodlawn Farm Company. He was directly interested in this sale and it was to his interest to see that a policy of insurance was issued on this animal after the sale for the purpose of protecting the interest of the Woodlawn Farm Company in the animal until Platt & Musser paid for a half interest in it. If, at the time of the sale, the animal was sick, or if it was sick at the time the application was made, then the knowledge which Williams had of such sickness would not be imputed to the defendant in error. Williams, as the agent of the defendant in error, had every reason, from a personal, financial standpoint, to conceal from the defendant in error any fact of which he might have knowledge and which might affect the insurability of the animal. For these reasons the second and third instructions were properly refused.

The fourth refused instruction told the jury that if they found in favor of the plaintiff in error, they would have a right to allow interest on the amount due. Plaintiffs in error insist that under the authority of *Peoria Marine & Fire Ins. Co. v. Lewis,* 18 Ill. 554, and *Grand Lodge A. O. U. W. v. Bagley,* 164 Ill. 340, this instruction should have been given. The jury in this case found in favor of the defendant in error, and it has been held in several cases that the refusal of the court to give an instruction as to the measure of damages, although it may contain a correct proposition of law, is no ground for reversal where the jury find that there are no damages at all. *Stoolfire v. Royse,* 71 Ill. 223.

The plaintiffs in error contended that the defense
interposed by defendant in error should not be con-
sidered for the reason that when an insurance com-
pany has been furnished with proofs and notice of loss
it is its duty to then point out any defense it has, and
any defenses not pointed out will be considered as
waived; that if the company bases its refusal to pay
upon a certain ground it should not afterwards be
allowed to change its position; that, after retaining
the proofs of loss almost sixty days, the defendant in
error based its refusal solely upon the grounds that
misstatements had been made in answer to question
ten of the application, and plaintiffs in error insist
that as there is no evidence that supports this conten-
tion, this defense should not be permitted to prevail.
In support of this contention plaintiffs in error cite
*Peoria Marine & Fire Ins. Co. v. Lewis,* 18 Ill. 553;
*Winnesheik Ins. Co. v. Schueller,* 60 Ill. 465; *Conti-
nental Life Ins. Co. v. Rogers,* 119 Ill. 474. The cases
cited are not identical with the case at bar, either in
facts or in the pleadings. In the *Lewis* case special
pleas were filed, demurrers were filed to the pleas and
the demurrers were sustained and the decision hinges
on the question of the proof of loss. In the *Schueller*
case the declaration averred a waiver of all insuffi-
ciencies as to the proof of loss. Therefore, in both of
these cases the issues were narrowed down to one
question as a defense. In the *Rogers* case a plea of
nonassumpsit was filed and hence that case has no
application here. In the case at bar the declaration
alleged no waiver of any kind. To the declaration the
general issue was filed, together with three special
pleas. No demurrer was filed to these special pleas,
but the plaintiffs in error filed a general replication.
Had they desired to claim a waiver on the part of the
defendant in error, they should have done so, either
by specially averring such waiver in the declaration,
or by pleading such waiver by special replication to

the plea in question. *Gunton v. Hughes,* 181 Ill. 132; *Moyers v. Illinois Cent. R. Co.,* 197 Ill. App. 179. Not only was the question not waived by the pleadings, but this contention is not sustained by the evidence. The evidence shows that the proof of loss was dated March 5, 1921. When it was sent to or received by the defendant in error does not appear in the evidence, but on April 25, 1921, the defendant in error wrote a letter to Williams in which his attention was called to the fact that upon investigation the defendant in error had found that the animal was sick some time before the application for the insurance was made, and that the investigation of the defendant in error warranted it in refusing to pay the loss, and the letter denied all liability under the policy. The refusal was not based solely on the failure of the assured to answer question ten, and even if it had been, such a refusal was not a waiver of other defenses. *Peckham v. Modern Woodmen of America,* 151 Ill. App. 95. *Weston v. State Mut. Life Assur. Co.,* 234 Ill. 492.

Aside from all other questions in this case, we think the evidence shows the animal was sick on the day of the sale, was sick for two or three days before the sale, was sick at the time the application for insurance was made, was sick on the day the policy was issued, and for these reasons the jury properly determined the issues in favor of the defendant in error.

The judgment will be affirmed.

*Judgment affirmed.*