## Celeste Buysse, Appellee, v. Connecticut Fire Insurance Company, Appellant.

### Gen. No. 7,588.

1. INSURANCE—*when no breach of warranty shown by statements of insured under automobile policy touching year of car's manufacture.* Where the undisputed evidence, in an action upon a policy insuring an automobile for damage caused by fire, shows that the agent who wrote the policy examined the car before the policy was issued and placed his own insurable value upon it, as a matter of law there was no breach of warranty arising out of any statement made by the insured concerning the year the automobile was manufactured.

2. INSURANCE—*burden of proof as to waivers of policy provisions alleged in declaration.* Where the declaration in an action upon a policy insuring an automobile for damage caused by fire alleged a waiver of the provisions of the policy concerning incumbrances and proof of loss, it was incumbent upon the plaintiff affirmatively to prove such waivers, and hence it was not necessary for the defendant to give notice of special defenses based upon the existence of such incumbrances or the failure to make proofs of loss under the policy.

3. INSURANCE—*when waiver of policy provision concerning existence of incumbrances on insured automobile question for jury.* Where in an action upon an automobile fire insurance policy testimony of the insured that the soliciting agent, when informed that there was a chattel mortgage against the car, stated that there was no use mentioning it in the application or policy, since it was to be paid off in a few days, and that such mortgage was in fact paid before the loss sued for occurred, together with testimony by such agent denying that he was informed of the existence of the mortgage and that he made the statement credited to him, held to raise an issue for the jury as to whether there was a waiver of the policy provision respecting incumbrances.

4. INSURANCE—*authority of soliciting agent to waive policy provision respecting incumbrances as question for jury.* It was a question for the jury, in an action upon an automobile fire insurance policy, whether the agent who solicited the insurance had authority to waive the provisions of the policy requiring proofs of loss.

5. INSURANCE—*unaccepted offer to compromise claim under automobile insurance policy as effecting waiver of requirement as to proofs of loss.* No waiver of the provision of a policy insuring an automobile against damage by fire requiring the making of proofs

of loss under such policy within a certain period, is effected by an offer of an adjuster of the insurance company to settle the claim at a compromise figure named by him, where such offer is rejected by the insured.

6. INSURANCE—*when policy requirement for making proofs of loss not waived by rejecting claim of insured on other grounds.* Letters from an insurance company, denying all liability under a policy insuring an automobile for damage by fire on the ground that there had been a breach of the policy provisions concerning incumbrances, did not effect a waiver of the policy provision requiring insured to make proofs of loss within a certain period, where such period had expired prior to the writing of such letters.

7. INSURANCE—*evidence admissible in action on automobile fire policy touching alleged waiver of proofs of loss.* Oral testimony by insured under an automobile fire insurance policy, in an action for a loss thereunder, that prior to the expiration of the time for making proofs of such loss in accordance with the terms of the policy, the insurer, through its agents, denied all liability under the policy because of an alleged breach of the policy provisions touching incumbrances, was admissible as tending to prove a waiver of the provision respecting proofs of loss.

8. INSURANCE—*when instruction in action on automobile fire policy erroneous as depriving insurer of additional defense.* Where under the pleadings in an action upon an automobile fire insurance policy the insurer was entitled to defend on the grounds that there had been a breach of the policy provisions against incumbrances and a failure to make the required proof of loss, and there was evidence raising issues of fact as to each defense for the jury, an instruction in effect directing a verdict for plaintiff if the jury found that the soliciting agent knew of the incumbrance when he issued the policy was prejudicially erroneous, because depriving insurer of second defense.

Appeal by defendant from the Circuit Court of Rock Island county; the Hon. WM. H. CHURCH and C. J. SEARLE, Judges, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed April 16, 1926.

MARSHALL & MARSHALL, for appellant.

S. E. & GEO. D. LONG and STEWART & KLINGBIEL, for appellee; BEN A. STEWART, of counsel.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is an action of assumpsit brought by Celeste Buysse against the appellant insurance company on a

policy of insurance to recover for damages to an automobile occasioned by fire. A trial resulted in a judgment for plaintiff for $883. The cause is here on appeal.

N. W. Johnson, agent for the company, solicited the insurance and examined the car before the policy for $1,000 was issued by him. The policy contained the customary forfeiture provisions relative to incumbrances, sole and unconditional ownership of the property, false or fraudulent statements, and breaches of warranty. The property insured is described in the policy as a 1919 model, 34B, Oakland 5-passenger sedan; Serial No. 9833; Motor No. 79540; price list $1,825; purchased new and not mortgaged.

The declaration, besides containing the usual averments, charged that the agent who wrote the policy was at such time informed by plaintiff of the lien of a chattel mortgage on said automobile and that by reason thereof the said policy provision against incumbrances was waived. The declaration also averred that proofs of loss were waived, by promises to pay the insurance, and by a subsequent denial of all liability on account of the existence of said chattel mortgage.

A plea of the general issue with notice of special defenses was filed. The defenses thus presented were (1) that plaintiff warranted the automobile to be new, when in fact it was a second-hand or used car and that the representation was material to the risk; (2) that the automobile was incumbered by chattel mortgage, and (3) that no proofs of loss were submitted. Two other defenses were also presented by the notice but as they have not been mentioned in the briefs and argument we will deem them to have been abandoned.

Appellant's agent examined the car before the policy was issued and put his own insurable value on it. The proof showed beyond doubt, that the car was of greater value than the amount for which it was insured. Un-

der the undisputed evidence in this case, it can be said as a matter of law that there was no breach of warranty arising out of any statement made by appellee concerning the year the automobile was manufactured. (*Mazeika v. Automobile Underwriters of America,* 226 Ill. App. 239.) The defenses are therefore narrowed to two, viz., the existence of a mortgage lien on the automobile and the failure to furnish proofs of loss. There was no necessity for giving notice of either defense for the reason that the declaration set out the alleged breaches and averred a waiver of each. And under the rules of pleading, it was her duty to affirmatively prove the waivers.

As to the first matter of defense, it is admitted that on August 11, 1922, the automobile was under the lien of a chattel mortgage dated June 20, 1922, for $475.11 due to Elmer L. and Ray C. Mizer; that the indebtedness secured by this mortgage was paid in full August 15, 1922; and that the fire which occasioned the damage occurred September 1, 1922. There was evidence which tended to show that the said agent, who solicited and wrote the insurance, was fully informed by appellee of the existence of the mortgage lien and that he stated there was no use to mention it in the application or policy because it was to be paid off in a few days. Johnson denied having any such information and also denied that he made any such statement as was attributed to him. Whether or not there was a waiver of the provision against incumbrances was a controverted question of fact for the jury.

No proofs of loss were furnished the company within 60 days after the fire as required by the policy, and it is claimed that this condition of the policy was waived, first, by the statement of the agent Johnson made a few days after the fire that he would get the money for her and that she need not notify or write to the company; second, by the offer of G. D. Phillips, an

adjuster of the company, to settle the claim; and third, by the company's basing its denial of all liability on the existence of the mortgage lien and not upon the failure of appellee to furnish proofs of loss.

As a general proposition an agent who merely solicits insurance has no power to waive a provision of a policy requiring proofs of loss. (*American Central Ins. Co. v. Birds B. & L. Ass'n,* 81 Ill. App. 258.) Whether or not the agent Johnson had authority to waive such a condition was also a question of fact for the jury. But as to the claim of waiver, on the ground that the adjuster Phillips offered to settle the loss, we must hold as a matter of law, that there was no waiver. The evidence showed that Phillips, in order to settle the loss, offered to pay appellee $600 and take the remains of the car or to pay her $585 and let her keep the damaged car. Mrs. Buysse refused these offers and insisted upon the payment of $1,000. An offer of compromise and settlement by the company, where it has been rejected by the insured, does not constitute a waiver. (*Hill v. Commercial Union Ins. Co.,* 164 Mass. 406.) Nor do the letters, denying all liability on account of the existence of said chattel mortgage, waive the provision of the policy requiring proofs of loss. According to the terms of the policy, proofs of loss should have been furnished not later than October 31, 1922. The first of these letters was dated November 9 thereafter and informed Mrs. Buysse that it had been discovered the automobile was under mortgage at the time the policy was issued. Appellant now seeks to construe this letter as being intended merely to notify her of the discovery, and to offer her an opportunity to make some explanation. We do not think the letter is subject to such interpretation and it is obvious that the company did not so interpret it, because, on January 30, 1923, it wrote a letter to the attorneys of Mrs. Buysse, in which it referred to its letter of November 9, and

again called attention to the chattel mortgage. The letter concluded as follows: "Accordingly we see no reason why this claim merits any further attention on our part." There is no doubt that the company intended both letters to be absolute denials of liability. But do these refusals to pay, based on an alleged violation of the mortgage clause of the policy, estop the company from urging any other matter of defense? The rule, that an insurance company which has claimed a forfeiture for noncompliance with certain specified conditions of the policy, cannot be afterward heard to assert different matters in defense, has no application to a case where it is sought to show a waiver of proofs of loss by a denial of liability made after the time for furnishing such proofs has expired. The doctrines of waiver and estoppel are fundamentally equitable doctrines and are based upon the principle that it would be wrong to permit an insurer to insist upon a forfeiture after it has induced the insurer to alter his position to his prejudice, or to do or omit to do anything which he would otherwise have omitted or done. It is evident that the letters of the company denying liability because of the mortgage could not have caused Mrs. Buysse to omit furnishing proofs of loss. They were not written until after proofs of loss were past due and therefore could not furnish any reason for the application of the doctrine of waiver or of estoppel. (*Hinsell v. Capital Live Stock Ins. Co.*, 219 Ill. App. 77, 83.) While it is true that if an insurer, during the time allowed the insured for submitting proofs of loss, denied all liability or by its conduct leads the insured to believe he need not submit such proofs, the requirement for them is waived; but in the absence of such circumstances and after the time for submitting proofs has expired, an insurance company may rely on a failure to furnish proofs of loss although it may have denied liability on some other ground. It will not then be restricted

to a single defense simply because it has specified but one in a letter or statement refusing or denying liability. In *Westen v. State Mut. Life Ass. Co.*, 234 Ill. 492, the action was on a life insurance policy. It was contended that the insurance company was estopped from claiming a forfeiture on account of non-payment of premiums, because it had denied all liability on another ground. But the court held that an insurance company is not restricted in its defense, in an action on a policy, to the reason assigned in its refusal to pay, if it does not appear that the plaintiff has been misled to his injury by the omission or failure to set forth other reasons. To the same effect are *Peckham v. M. W. A.*, 151 Ill. App. 95; *American T. C. & C. Co. v. Bankers Surety Co.*, 199 Ill. App. 545; *Woodlawn Farm Co. v. Farmers & Breeders L. Ins. Co.*, 227 Ill. App. 577.

While, under the evidence here presented, we hold as a matter of law that the appellant's offer to compromise and its denial of all liability did not constitute waivers of proofs of loss, nevertheless, we do not mean to express any view in regard to the weight of the oral testimony offered by appellee, to the effect that appellant through its agents, prior to October 31, 1922, denied all liability because of the said mortgage. Such evidence was admissible as tending to prove a waiver.

Under our view of the case appellant had the right to interpose as a defense both the alleged violation of the mortgage provision of the policy and the failure of the insured to furnish proofs of loss. However, the trial court virtually eliminated one of these defenses by giving an instruction, known as plaintiff's modified instruction No. 2, in which the jury was told, in substance, that if it believed from the evidence that the agent of the insurance company, when he solicited and wrote the insurance, knew of the chattel mortgage and advised appellee that it need not be mentioned in

Buysse v. Connecticut Fire Ins. Co., 240 Ill. App. 324.

the application or policy, then the mortgage provision of the policy was waived by the company and the verdict of the jury should be for the plaintiff. It will be seen that this instruction directs a verdict and wholly ignores the defense based on the failure of appellee to furnish proofs of loss. The jury was instructed that if the company's agent knew of the existence of the mortgage at the time the policy was issued, it should find for the plaintiff without regard to whether the provision for furnishing proofs of loss had been waived or not. This instruction deprived the appellant of a substantial defense and was of course prejudicial to it.

Because of the likelihood of this case being tried again, it is necessary for us to express our view upon certain questions involving the admissibility of evidence. There is no doubt that evidence tending to prove the value of the car at the time it was damaged by fire is admissible. Under the terms of the policy the company was only liable for such loss and damage as was occasioned by the fire. It appears from the evidence that the automobile was almost wholly destroyed and that the only value remaining was its junk value.

Appellant offered in evidence a book entitled "National Used Car Market Report," also "Branham's Table Reference Book." We are somewhat in doubt as to whether the offer of the books was intended to prove price or to show that appellee misrepresented to the company the year in which the car was made. But whatever may have been the purpose, we see no error in the ruling of the court in excluding them.

We believe the testimony of Mrs. Buysse regarding her conversation with Johnson on the morning after the fire was properly admitted. There is testimony in the case tending to show that Johnson actively participated in the efforts made to adjust the loss and that he not only acted as an agent in procuring the

insurance, but that he engaged in an attempt to adjust the loss with the knowledge and consent of the company. He accompanied Phillips, the adjuster, to see Mrs. Buysse and urged her to accept $600 in settlement of her claim and according to her testimony, he finally offered her an additional 10-dollar bill to sign a release. Johnson admitted his participation in the efforts to settle the claim but denied he made the offer of $10. However, such denial does not affect the situation when it comes to determining the admissibility of appellee's version of his statements.

Because of the errors herein pointed out this cause is reversed and remanded.

*Reversed and remanded.*