H. R. Cox and A. B. Cox, Trading as Cox Jewelry Company, Appellees, v. The Aetna Casualty & Surety Company of Hartford, Connecticut, Appellant.

Gen. No. 7,736.

Opinion filed March 23, 1928.

JOHN E. CASSIDY and STAFFORD, SCHOEDE & STAFFORD, for appellant.

CONNELLY, WELD, WALKER, SEARLE & CRAMPTON and P. R. INGELSON, for appellees; H. A. WELD, of counsel.

MR. JUSTICE JONES delivered the opinion of the court. This suit was instituted on a policy of insurance against loss by robbery. The maximum liability of the

insurer was $20,000 and the premium was $80. The policy period extended from December 18, 1923, to December 18, 1924, and insured against loss only between the hours of 7:00 a. m. and midnight of each day. The robbery complained of is alleged to have occurred on December 21, 1923, between the hours of 11 o'clock p. m. and midnight, three days after the policy became effective and one hour before midnight. A jury trial was had which resulted in a verdict in favor of appellees for $22,383.71. Judgment was rendered on the verdict and this appeal followed.

A declaration, consisting of one count, was filed September 5, 1924. It set out the policy, also the alleged robbery, and that appellees had fully complied with all the terms of the policy. Subsequently, two additional counts were filed, but were withdrawn before issue was joined. A third additional count was filed on February 22, 1926, under leave of court. The latter count avers that the policy of insurance was issued December 20, 1923, in consideration of a premium of $80, $40 of which was to be paid on December 18, 1923, and the remaining $40 on January 31, 1924. It also avers that appellees performed all the terms, requirements and conditions imposed upon them by the policy up to the time of the alleged robbery and up to the commencement of this suit, excepting the provisions of sections "D" and "F" of the policy, which it is averred were waived by appellant.

Section "D" requires the insured to give immediate notice of any loss to the home office of the company in Hartford, Connecticut, or to the general agent or manager, who countersigned the policy, also to the company's local authorized agent and the public police authorities having jurisdiction; and it provides that the assured shall forward to the company full written details of the nature of the loss. Section "F" requires that every claim for loss or damage shall be made forthwith in writing, subscribed by the assured and

certified to in the manner and on a form to be furnished on demand by the company, but it is provided that the delivery of such form shall not be held to be a waiver of any provision or condition of the policy or any forfeiture thereof, and that any act of investigation shall not be considered as a waiver.

To this additional count, appellant filed a plea averring that the policy contains a condition to the effect that no action shall lie against the company to recover under the policy, unless brought within two years after the date of the occurrence resulting in such loss and that the cause of action mentioned in said count did not accrue at any time within two years before the filing of said additional count. To this plea a demurrer was sustained and appellant elected to stand by its plea.

The first count avers full compliance with all the terms of the policy. The additional count did not aver full compliance with the conditions of the policy but relied upon a waiver of certain of those conditions. A different cause of action was stated by it—one which could be availed of only when brought within two years after the date of loss. (*Feder v. Midland Casualty Co.*, 316 Ill. 552; *Carbone v. Pennsylvania Fire Ins. Co.*, 222 Ill. App. 560; *Zelden v. Commercial Union Assur. Co.*, 238 Ill. App. 644.) The matters contained in the plea constituted a complete bar to the cause of action as set out in the third additional count.

Appellees contend that even though it was error to sustain the demurrer to appellant's plea, such error was harmless because the right to recover was fully proved under the first count of. the declaration. On page 14 of their brief, appellees say, "The original declaration set up the insurance policy and averred full performance with all its terms, and that is the count that we stand on in this case." Still, appellees requested, and the court gave, instructions 6 and 7, both of which were predicated on the theory of waiver

as averred in the said third additional count. The error in the ruling on the demurrer to the plea was therefore carried into the instructions.

As a further claim that the sustaining of the demurrer was harmless, appellees say that their additional replication to the fifth plea set up the alleged waiver and although the plea to which it was filed was afterwards withdrawn, the replication stood as a reply; and that they were entitled to make proof of waiver under that replication. The fifth special plea set out a failure to comply with condition "F" of the policy and the replication to it averred a waiver of that condition. The said plea amounted to nothing more than the general issue because the matters set up by it could have been shown under a plea of the general issue. But notwithstanding this, the special plea was withdrawn and the replications to it had no function or office thereafter. They could have no effect as pleadings because they could not aid in forming any issue. The only good count in the declaration averred performance of all the conditions of the policy. The general issue denied such performance. A replication to a special plea which had been withdrawn could not by any rule of pleading be taken to contradict the averments in the declaration.

Appellant's first special plea averred that books of account were not kept by the assured so that the loss could be accurately determined therefrom by the company as provided by paragraph A, section 7 of the policy. The third replication to that plea averred that appellant examined the books and accounts of appellees, and afterwards on January 21, 1924, accepted from appellees the $40 balance of the premium due on the policy; and that appellees relied on such acceptance as a recognition that the policy was in force and as an estoppel of appellant to deny it. A demurrer to this replication was overruled and defendant elected to stand by its demurrer. The plea set up as an ab-

solute defense, unless it was waived or the company was estopped from interposing it, that an insurance company has the right to require the one it insures, who is carrying on a mercantile business, to keep books of account correctly detailing purchases and showing sales, ready to be produced in the event of a loss so that the amount of such loss can readily be ascertained. It is also a familiar principle of pleading that when the consideration of the defendant's contract is executory or its performance is to depend on some acts to be done or forborne by the plaintiffs or on some other event, the plaintiffs must aver the fulfilment of the condition or show some excuse for the nonperformance. (*Feder v. Midland Casualty Co., supra.*) The rule in this State and elsewhere, pertaining to waiver in insurance cases, requires that the conduct of the party, against whom such a waiver is claimed, must be such as to cause the other party to change his position by lulling him into a false security, thereby causing him to delay or waive the ascertainment of his rights to his damage. (*Dickirson v. Pacific Mut. Life Ins. Co.,* 319 Ill. 311; *Buysse v. Connecticut Fire Ins. Co.,* 240 Ill. App. 324.) No such showing is here made. This is not a case where an insurance company is seeking to have a policy declared forfeited because of the failure of the assured to comply with some provision of the policy. In such a case, acceptance of premiums is generally held to constitute a waiver. The insurance company claims no forfeiture, and does not claim the policy was terminated. So far as it now appears, the company may have treated the policy as remaining in full force, throughout its term. If so, it would have been entitled to the full premium and its acceptance of it would not waive such a condition as the one mentioned in the first special plea. The matters set up in the replication do not amount to a waiver by appellant, and it was error to overrule the demurrer.

It is urged by appellant that there was no robbery, but that this suit is in furtherance of a conspiracy between H. H. Cox and Ben Cox, copartners, doing a jewelry business under the firm name of Cox Jewelry Company, and one James Burns, an ex-convict, to unlawfully obtain money from appellant. Proof of this conspiracy was furnished in part by the testimony of Mabel Burns, an alleged former wife of James Burns. Her testimony tended to show an arrangement between the Cox brothers and Burns to rob the store and collect insurance from appellant. It is claimed that Burns, impersonating ''Santa Claus'' was the ''hold-up'' man. Burns was dead at the time of the trial and Ben Cox did not appear as a witness in his own behalf.

Appellees claim that Mabel Burns was incompetent to testify to acts and conversations of Burns which implicated him, H. H. Cox and Ben Cox in the alleged robbery, because she was the wife of James Burns. To meet this objection appellant introduced in evidence a properly certified copy of a decree of the District Court of the Thirteenth Judicial District, County of Rock, State of Minnesota, declaring the alleged marriage between Mabel Burns and James Burns to be void and of no effect. The date of the decree was April 24, 1923, and prior to any of the acts or conversations to which she testified. But appellees contend that the decree itself is incompetent. The objections made to the decree are that it does not appear (1) that the court which entered it had jurisdiction of the parties or the subject matter of the suit; and (2) that the court had the right to grant the relief it attempted to afford the plaintiffs. It is sufficient to say that the district courts of the several States where they exist are presumed to be courts of general jurisdiction. In the absence of any showing to the contrary, we must presume that the district court of Rock county, Minnesota, had jurisdiction of

the subject matter of divorce and annulments of marriages. That court, by a recital of facts, found that the defendant was duly served, as required by the laws of Minnesota. Such finding of a court of a foreign State may be attacked, but the burden of showing the insufficiency of service is upon the one who assails it. In this instance no attempt was made by proof or otherwise to show any insufficiency of service. Whether the district court erred or not in its conclusions of law as to the relief granted Mabel Burns is a question which cannot be raised collaterally by anyone. It can only be raised in a direct proceeding and then only by parties to the suit and their privies. Under the circumstances, we think that Mabel Burns was a competent witness. On cross-examination and over appellant's objection, this witness was subjected to a rigid cross-examination concerning her private life and domestic relations. The matters were wholly collateral and were brought out for the obvious purpose of humiliating the witness and prejudicing the jury against her testimony. Such conduct of counsel was improper and prejudicial. (*Moore v. People,* 108 Ill. 484, 487; *Sconce v. Henderson,* 102 Ill. 376, 378; *Lake Erie & W. R. Co. v. Morain,* 140 Ill. 117, 122.)

It is contended by appellees that the testimony of the witnesses, Voight and Bell, concerning statements made to them by James Burns was incompetent. No cross error was assigned by appellees as required by the rules of this court and therefore that contention will not be considered.

The first instruction given on behalf of appellees referred the jury to the declaration or some count thereof. As we have heretofore noted, there was but one good count in the declaration, i. e., the first, or original count. The other count, the third additional count, was not properly in the record and therefore the verdict may have been based solely upon the third additional count. It was error to give that instruction.

Appellees' second given instruction told the jury that if they believed from a preponderance of the evidence that plaintiffs kept accurate books of account so far as their diamonds were concerned and from which the loss of diamonds could be accurately determined by the company, and that the diamonds lost by the robbery exceeded the total amount of insurance, then it was immaterial whether other articles were lost in the same robbery, as to which no sufficient books were kept. A large quantity of jewelry besides diamonds is claimed to have been stolen in the same transaction. The policy provided that there should be no liability unless books and accounts were kept by the assured and the loss could be accurately determined therefrom by the company. The instruction contravenes that provision of the policy. Such provisions in insurance policies not only serve to determine the amount of a loss, but, if proper books are kept, they will assist the insurer in obtaining the description of the articles stolen and other information, which might materially aid in their recovery. Such recovery would reduce the amount to be paid by the insurer under its liability. This is a substantial right of pecuniary advantage to the insurer, and one which cannot lawfully be taken away from it without its consent. Such a provision in a policy of insurance is not unreasonable, and where the insured with full knowledge of the conditions of the policy enters into a contract of this character, it is one with which he must comply. (*Niagara Fire Ins. Co. v. Forehand,* 169 Ill. 626.) The giving of the second instruction was erroneous.

One of the issues in this case was whether there was a conspiracy among H. R. Cox, Ben Cox and James Burns to defraud appellant by staging a fake robbery. There can be no recovery in this case if either partner was a party to the alleged robbery. The third instruction given on behalf of appellees told the jury that in determining the question of whether an unlawful con-

spiracy existed between James Burns and H. R. Cox to defraud defendant, they could not take into consideration anything said by Burns to Voight or Bell out of the presence of H. R. Cox, unless such conspiracy is shown by the evidence. The instruction is somewhat misleading because the jury might well believe it would first have to find a conspiracy existed only between H. R. Cox and Burns, and independent of Ben Cox, notwithstanding the averment of the plea that Ben Cox was involved in it. Where a conspiracy is once established, every act and declaration of each member, in furtherance of the common design, is in contemplation of law the act and declaration of all the members and is therefore original evidence against each of them. (*People v. Small*, 319 Ill. 437.) But in view of the tenth instruction given on behalf of appellant, which tends to obviate the objection pointed out, we merely say that the third instruction should not have been given.

The fourth instruction given on behalf of appellees gives undue prominence to certain named witnesses by singling them out. It is misleading and its tendency would be to make the jury believe they could find there was a conspiracy only from certain evidence.

Appellees' fifth instruction tells the jury that if it has been shown that H. R. Cox bore a good reputation for being an honest and law-abiding citizen previous to the alleged robbery, they should take that fact into consideration in passing upon the question of whether he entered into the unlawful conspiracy charged. Such evidence could only be considered by the jury in connection with all the other evidence in the case on the charge of conspiracy. It gave undue prominence to that testimony and tended to mislead the jury in thinking it overcame all the other evidence.

The sixth instruction directs a verdict and embraces the theory of a waiver by appellant as averred in the third additional count. As this count was improperly

before the jury, it follows that the instruction was erroneous. It is subject to the further criticism that it fixed the amount of recovery at such sum as will indemnify appellees for their loss not exceeding $20,000. The policy provides the company shall not be liable for any loss in excess of the market value of the property at the date of the event causing the loss, and the instruction should have conformed to that provision. It further assumes that proof of loss was furnished without leaving that question to the jury. One of the issues was whether proofs of loss were furnished in compliance with the terms of the policy. The seventh instruction also directs a verdict and is equally erroneous.

We do not think the court erred in refusing to allow the filing of appellant's eighth special plea which averred failure of appellees to comply with certain provisions of clause "G" of the policy. The matter set up in the plea could be proven under the general issue.

For the errors above mentioned the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*