**OAKLEY GRAIN & SUPPLY COMPANY, a Corporation, Plaintiff,**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Defendant.**

**Civ. A. No. 2466.**

United States District Court
S. D. Illinois, S. D.
April 21, 1959.

Rosenberg & Rosenberg, Decatur, Ill., for plaintiff.

Garman & Owen, Decatur, Ill., for defendant.

POOS, District Judge.

The plaintiff sues for recovery of loss under a policy of fidelity insurance. Two of the conditions and limitations clauses of the policy are as follows:

(1) "Loss shall be covered only if discovered while this insurance is in force or within two years after its termination. The assured shall notify the Company in writing of any loss within fifteen days after discovery thereof, and such notice shall set forth the position of the Employee and his last known address; and the assured shall file with the Company a sworn itemized proof of loss within 90 days after the date of discovery of the loss. No suit, action or proceeding shall be brought in respect of such claim after the termination of twelve (12) months after the filing of the proof. Should any of the foregoing limitations be void under any applicable law any period of limitations so voided shall be extended to the period stipulated in such law."

(3–C) "Upon discovery by the assured of any dishonest, fraudulent or criminal act of the Employee."

The defendant moves to strike the complaint on the ground that the plaintiff failed to give the sworn proof of loss required within the 90 day period.

The allegations of the complaint in reference to these basic provisions of the policy are found in Paragraphs 5, 6, 7, 8, 9 and 10 of the amended complaint wherein the following allegations of facts are found, viz.:

"(5) That between June 1, 1955 and December 7, 1956, plaintiff sustained a loss of money and other property belonging to it in the value of more than $5,415.27 by and through the acts of larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction, wilful misapplication or other fraudulent, criminal or dishonest acts of said employee while in the performance of his aforesaid duties as such.

"(6) That on or about the 28th day of August, 1956, the plaintiff notified the defendant in writing of the loss due to the acts of the aforesaid Hubert Glenn Holcomb.

"(7) That on December 26, 1956, the plaintiff filed with the defendant an itemized proof of loss due to the acts of Hubert Glenn Holcomb.

"(8) That the defendant received and retained the aforesaid notices sent to it by the plaintiff without objection thereto or complaint thereof.

"(9) That the defendant, during the months of October and November, 1957, repeatedly informed the plaintiff that the defendant denied all liability under the aforesaid fidelity bond, and assigned as their reason for so doing, the insufficiency of the evidence pointing to a loss by the plaintiff, due to any of the acts enumerated in said Fidelity Bond.

"(10) That having failed to object to the notices theretofore given defendant by the plaintiff but on the contrary having denied any and all liability under said Fidelity Bond as aforesaid, the defendant has waived any errors or defects in the notices of loss or proof of loss required to be given defendant by the terms of said Fidelity Bond."

Thus under the allegations above set forth defendant, on August 28, 1956, at which time liability under the policy ceased under the provisions of 3–C of the conditions and limitations of the Fidelity Bond, was notified of the loss and proof of loss was filed on December 26, 1956, which was more than 90 days after loss, and thus the plaintiff recognizes that the above quoted provisions of the Fidelity Bond have not been complied with, but seeks to avoid the requirement of sworn proof of loss by the allegations of Paragraph 10 wherein plaintiff pleads a waiver of this provision. Thus it must be determined whether or

not the allegations of the complaint show a factual situation that amounts to a waiver. A summarization of all the allegations of the complaint show that between June 1, 1955 and December 7, 1956, plaintiff sustained a loss by theft, larceny, embezzlement, or dishonest acts of the employee; that on August 28, 1956, plaintiff notified the defendant in writing of the loss; that on December 26, 1956, plaintiff filed with defendant an itemized proof of loss; that defendant received the notice and proof of loss without objection; that defendant repeatedly informed the plaintiff that defendant denied all liability under the Fidelity Bond and assigned as the reason for so doing the insufficiency of the evidence pointing to a loss due to any of the acts enumerated in the Fidelity Bond; that defendant having failed to object to the notice or proof of loss and having denied all liability, the defendant waived any errors or defects in the notice or proof of loss required by the terms of the Fidelity Bond.

The plaintiff, relying on a waiver, must plead and prove the waiver. In order to have a waiver there must be some affirmative act on the part of defendant that amounts to a waiver of the requirement and the burden is on the plaintiff to allege and prove the waiver. There is no allegation of fact in the complaint that sets out any affirmative act of waiver, but plaintiff seeks to rely on a waiver by nonaction of the defendant and by its general denial of any and all liability under the bond.

In Buysse v. Connecticut Fire Insurance Co., 240 Ill.App. 324, a quite similar factual allegation was relied upon as amounting to a waiver. The Court said:

> "An offer of compromise and settlement by the company, where it has been rejected by the insured, does not constitute a waiver. (Hill v. Commercial Union Ins. Co., 164 Mass. 406, [41 N.E. 657].) Nor do the letters, denying all liability on account of the existence of said chattel mortgage, waive the provision of the policy requiring proofs of loss. According to the terms of the policy, proofs of loss should have been furnished not later than October 31, 1922. The first of these letters was dated November 9 thereafter and informed Mrs. Buysse that it had been discovered the automobile was under mortgage at the time the policy was issued. Appellant now seeks to construe this letter as being intended merely to notify her of the discovery, and to offer her an opportunity to make some explanation. We do not think the letter is subject to such interpretation and it is obvious that the company did not so interpret it, because, on January 30, 1923, it wrote a letter to the attorneys of Mrs. Buysse, in which it referred to its letter of November 9, and again called attention to the chattel mortgage. The letter concluded as follows: 'Accordingly we see no reason why this claim merits any further attention on our part.' There is no doubt that the company intended both letters to be absolute denials of liability. But do these refusals to pay, based on an alleged violation of the mortgage clause of the policy, estop the company from urging any other matter of defense? The rule, that an insurance company which has claimed a forfeiture for noncompliance with certain specified conditions of the policy, cannot be afterward heard to assert different matters in defense, has no application to a case where it is sought to show a waiver of proofs of loss by a denial of liability made *after the time for furnishing such proofs has expired*. The doctrines of waiver and estoppel are fundamentally equitable doctrines and are based upon the principle that it would be wrong to permit an insurer to insist upon a forfeiture after it has induced the insurer to alter his position to his prejudice, or to do or omit to do anything which he would otherwise

have omitted or done. It is evident that the letters of the company denying liability because of the mortgage could not have caused Mrs. Buysse to omit furnishing proofs of loss. *They were not written until after proofs of loss were past due and therefore could not furnish any reason for the application of the doctrine of waiver or of estoppel.* (Hensel v. Capital Live Stock Ins. Co., 219 Ill.App. 77, 83.) While it is true that if an insurer, during the time allowed the insured for submitting proofs of loss, denied all liability or by its conduct leads the insured to believe he need not submit such proofs, the requirement for them is waived; but in the absence of such circumstances and after the time for submitting proofs has expired, an insurance company may rely on a failure to furnish proofs of loss although it may have denied liability on some other ground. It will not then be restricted to a single defense simply because it has specified but one in a letter or statement refusing or denying liability. In Weston v. State Mut. Life Assur. Co., 234 Ill. 492 [84 N.E. 1073], the action was on a life insurance policy. It was contended that the insurance company was estopped from claiming a forfeiture on account of non-payment of premiums, because it had denied all liability on another ground. But the court held that an insurance company is not restricted in its defense, in an action on a policy, to the reason assigned in its refusal to pay, if it does not appear that the plaintiff has been misled to his injury by the omission or failure to set forth other reasons. To the same effect are Peckham v. M. W. A., 151 Ill.App. 95; American [Terra Cotta & Ceramic] Co. v. Bankers Surety Co., 199 Ill.App. 545; Woodlawn Farm Co. [for Use of Platt & Musser] v. Farmers & Breeders L. Ins. Co., 227 Ill.App. 577." See also Cox v. Aetna Casualty & Surety Co., 248 Ill.App. 209, at pages 213, 214 and 215.

Plaintiff relies upon Phenix Ins. Co. v. Belt Ry. Co., 182 Ill. 33, at page 37, 54 N.E. 1046, at page 1048, wherein the court says:

"It is next insisted that proofs of loss were not furnished within 30 days after the fire, as required by the policy. Where proofs of loss are served on an insurance company, and retained without objection, and the company refuses to pay the loss, denying all liability under the policy on grounds, other than defects in the proofs of loss any further performance on the condition in regard to proofs is waived. Continental Ins. Co. v. Ruckman, 127 Ill. 364, 20 N.E. 77. There were here five distinct losses. As to proof of losses 4 and 5 no question is made. As to the other losses evidence was introduced tending to prove that proofs of loss were furnished within the time required, and also that the insurance company repudiated all liability within 30 days of each of the losses, and thus waived proofs of loss. Whether proofs of loss were served on the company or were waived was a question of fact which the appellate court found against appellant and the judgment of the appellate court is conclusive of the question."

Such is not the status here. Plaintiff, by his allegations of waiver, concedes that proof was not made within the 90 day period, yet plaintiff fails to allege any affirmative act of defendant upon which to base an act of waiver. In the case relied upon it was judicially determined that proof of loss was given within the 30 day period as provided in the policy. This is a case where admittedly the proof of loss, or even a defective proof was not given within the time limited, and consequently the case has no application.

In the case of Lewis v. Fire Association of Philadelphia, 7 Cir., 183 F.2d 647, an adjuster after personal investigation,

contacted two roofers for estimates of the damage and afterwards made two offers of settlement without requiring formal proof of loss. There is no such feature in the present case and it is not authority in support of plaintiff.

Accordingly the motion to dismiss is sustained.