**Fredric C. MUNTWYLER,**
**Plaintiff,**

v.

**RANGER INSURANCE COMPANY and**
**Northwest Airlines, Inc.,**
**Defendants.**

**No. 74 C 58.**

United States District Court,
N. D. Illinois, E. D.

April 29, 1975.

See also, D.C., 387 F.Supp. 966.

Stuart D. Perlman, Rawson, Don, Weinstein, Wexler & Kallen, Chicago, Ill., for plaintiff.

William J. Monahan, Peterson, Ross, Rall, Barber & Seidel, Conklin, Leahy & Eisenberg, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on plaintiff's motion for summary judgment against defendant Ranger Insurance Company ("Ranger") pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff is a citizen of Illinois and defendant Ranger is a corporation incorporated under the laws of the State of New York, having its principal place of business in a state other than Illinois. Defendant Northwest Airlines, Inc., ("Northwest") is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business in a state other than Illinois. Jurisdiction is alleged to be based on diversity of citizenship and the matter in controversy exceeding, exclusive of interests and costs, the sum of $10,000.

Plaintiff, in his complaint, seeks to recover on an insurance policy issued by defendant which purported to insure against loss, damage and liability in connection with a certain aircraft. The complaint alleges inter alia:

1. That defendant Ranger, for a valuable consideration, executed and delivered to plaintiff its policy of insurance under policy number ACC 8–16350 protecting plaintiff from loss, damage and liability in connection with certain aircraft, to-wit: Convair 640, N–640–K for the period from March 1, 1972 to March 1, 1973. Said aircraft so insured was owned at all times relevant herein by plaintiff.

2. That on or about January 11, 1973 damages were sustained by said aircraft while under the care, custody and control of defendant Northwest at Midway Airport, Chicago, Illinois.

3. On January 11, 1973 while said policy was in full force and effect the said aircraft described was damaged as set forth herein.

4. Plaintiff has duly notified defendant Ranger of this loss and damage and has complied with the terms and conditions of said policy.

It is undisputed that, within several days after discovery of the damage to the aircraft in January of 1973, notice

was given to both defendants. There followed approximately nine months of negotiation and attempts to settle plaintiff's claim. At all times defendant Northwest disclaimed any liability for damage to plaintiff's aircraft, relying on an agreement purportedly signed by plaintiff's agent, indemnifying and holding harmless defendant Northwest against any damage resulting to the aircraft while in defendant Northwest's care.

In October of 1973 defendant Ranger advised plaintiff that it disclaimed liability under the policy for the reason that plaintiff had voluntarily agreed to indemnify defendant Northwest against liability, in contravention of express provisions of the insurance policy.

Plaintiff filed his complaint against both defendants on January 8, 1974. Defendant Ranger filed its answer on February 5, 1974, generally denying the allegations of the complaint and specifically denying that plaintiff had complied with the terms and conditions of said policy.

On October 31, 1974, in response to plaintiff's original motion for summary judgment against both defendants, defendant Ranger filed a brief in which it asserted that plaintiff had failed to furnish sworn proof of loss within sixty days as required by the policy of insurance. This was the first time such objection was made of record.

On December 19, 1974 this Court granted summary judgment for plaintiff against defendant Northwest, based on the finding that the purported indemnity agreement between plaintiff and Northwest was invalid. The Court noted that one relevant issue remained: namely, whether plaintiff had given timely notice to defendant Ranger under the policy.

On January 11, 1975 plaintiff renewed its motion for summary judgment against defendant Ranger. Now before the Court for determination is whether defendant Ranger waived its right to insist on strict compliance with that clause in the policy of insurance which required that sworn proof of loss be submitted within 60 days of the loss.

Defendant Ranger argues that at no time did it specifically waive compliance with this section, and further that at no time was its conduct inconsistent with an intention to demand strict enforcement.

According to authorities cited by defendant, it is the law in Illinois that proof of loss clauses are strictly enforced and that waiver will not be inferred unless there is conduct on the part of the insurer which is calculated to lull claimant into the false belief that such proofs are not required. Dickirson v. Pacific Mutual Life Ins. Co., 319 Ill. 311, 318, 150 N.E. 256 (1925). Investigation by an insurance company, negotiations, and even a rejected offer of compromise and settlement do not constitute waiver. See *Dickirson, supra*; Smith v. Commercial Travelers Mut. Acc. Assn., 158 F.2d 65 (7th Cir. 1946); Buysse v. Conn. Fire Ins. Co., 240 Ill. App. 324 (1926).

Further, a denial of liability after proof of loss is past due, even though based on some ground other than failure to furnish proof of loss, does not constitute waiver. Buysse v. Conn. Fire Ins. Co., *supra*; Oakley Grain and Supply Co. v. Indemnity Ins. Co., 173 F.Supp. 419 (S.D.Ill.1959).

It is the opinion of this Court, however, that the cases cited by defendant are at this time contrary to the distinct trend in more recent Illinois decisions toward liberalized interpretation of the waiver doctrine as applied to proof of loss clauses in insurance policies.

McMahon v. Coronet Insurance Co., 6 Ill.App.3d 704, 286 N.E.2d 631 (1972) involved a suit on an insurance policy after more than two years of negotiation. Only after this time had passed did defendant insurance company raise the defense of failure to file a sworn statement of loss within thirty days.

The court held that the defendant had waived its right to insist on strict compliance with that provision of the policy:

As a technical matter, it is true that plaintiffs did not comply with the strict letter of the policy conditions by filing the sworn statement within 30 days. However, we have no problem in finding from this record that there was a waiver by Coronet of its right to literal compliance with policy conditions. This provision was placed in the policy for the benefit of Coronet. Therefore, it was within the power of Coronet to waive its right to receive such formal statement. In this case, the conduct of Coronet created in plaintiffs a reasonable belief that it was not necessary for them strictly to comply with the letter of this condition of the policy. Recital of the above facts and of the steps taken by Coronet shows that *never, until the time of trial, did Coronet ever bring this policy provision to the attention of plaintiffs or require or request their compliance.* . . . (Emphasis Added) [W]e hold that compliance with this condition of the policy has been waived and abandoned. This is in accordance with an established doctrine of insurance law. [Citing Tarzian v. West Bend Mut. Fire Ins. Co., 74 Ill.App.2d 314, 221 N.E.2d 293 (1966)] 286 N.E.2d at 631.

It is significant that in *McMahon* there is no evidence that the defendant insurance company did anything *within the original thirty day period* which could have misled plaintiffs into the belief that they need not file sworn proof of loss. The only report provided within the thirty day period was a report to the company by phone. It must be inferred then, that the court necessarily based its finding of waiver on the insurance company's conduct over the entire course of negotiation and litigation.

The *McMahon* case was cited with approval in Kenilworth Insurance Co. v. McDougal, 20 Ill.App.3d 615, 313 N.E.2d 673 (1974). There the court held that the right to assert a general policy defense was waived when the insurance company, being fully advised of the facts bearing on its policy defense, did not then insist on noncoverage, but recognized the continued validity of the policy by requiring the insured to go to the trouble and expense of preparing proofs of loss and related materials. The court held that such non-assertion of the policy defense indicated an intention to waive it.

The court went on to say that while a long delay without explanation, in asserting a policy defense or disclaimer, is normally not enough to constitute a waiver, such delay is an important factor to be considered where there is evidence of prejudice, and is an element in determining the reasonableness or fairness of the insurer's conduct toward the insured.

This Court is of the opinon that, just as it is inequitable to permit the assertion of a general policy defense after the insured has been put to the cost and inconvenience of lengthy negotiations and court action before the defense is initially raised, it is equally unfair to permit defendant Ranger to first raise its proof of loss defense for the first time after twenty one months of negotiation and litigation.

It is undisputed that defendant Ranger was promptly notified of the loss, that the parties spent almost nine months in negotiations, that Ranger finally disclaimed liability under the policy, based on the purported indemnity agreement between plaintiff and Northwest, that Ranger in its answer to plaintiff's complaint made only a general denial, and that not until another twelve months had passed, since filing of the complaint, did Ranger raise the defense, for the first time, that it was not liable on the insurance contract because of plaintiff's failure to file proof of loss within thirty days.

Based upon these facts, the Court's interpretation of pertinent Illinois cases,

and the Court's belief that it would now be inequitable to permit Ranger to insist on strict compliance with the policy provision requiring sworn proof of loss within sixty days, this Court holds that, under Illinois law, Ranger has waived its right to demand strict compliance with this provision.

Plaintiff's motion for summary judgment against defendant Ranger is granted.